JUSTIN HEWGILL (259528)
DYLAN MORALES (321202)
HEWGILL COBB & LOCKARD, APC
1620 Fifth Avenue, Suite 325,
San Diego, CA 92101
(619) 432-2520  Fax: (619) 377-6026
Justin@HCL-LawFirm.com
Dylan@HCL-LawFirm.com

Attorneys for Plaintiff, ALICIA DEL VILLAR

PAUL M. GLEASON (SBN: 155569)
TOREY JOSEPH FAVAROTE (SBN: 198521)
JING TONG (SBN: 285061)
GLEASON & FAVAROTE, LLP
4014 LONG BEACH BLVD., STE. 300
LONG BEACH, CA 90807
(213) 452-0510  Fax: (213) 452-0514
pgleason@gleasonfavarote.com
tfavarote@gleasonfavarote.com
jtong@gleasonfavarote.com

Attorneys for Defendant Transdev Services, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA DELVILLAR, an individual, | ) Case No. 3:18-cv-01721-W-MDD |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OF POINTS &** |
| | ) **AUTHORITIES IN SUPPORT OF** |
| TRANSDEV SERVICES, INC. and | ) **JOINT MOTION FOR** |
| DOES 1 through 25, inclusive, | ) **DETERMINATION OF DISCOVERY** |
| | ) **DISPUTES** |
| Defendants. | ) |
| | ) Date:    April 18, 2019 |
| | ) Time: |
| | ) Judge:   Hon. Mitchell Dembin |
| | ) Dept.: |
| | ) |
| | ) State Action Filed:  May 17, 2018 |
| | ) Removal Filed:    July 26, 2018 |
| | ) Trial Date:      None |
| | ) |
| | ) |
| | ) |

# **TABLE OF CONTENTS**

Page(s)

PARTIES' COMPLIANCE WITH THE MEET & CONFER REQUIREMENT    1

PROCEDURAL POSTURE    3

FACTUAL SUMMARY    5

ARGUMENT    7

## PLAINTIFF'S POSITION REGARDING MEET AND CONFER REQUIREMENTS

Counsel for Plaintiff states that he has complied with the meet and confer requirement.  [Declaration of Morales at ¶ 20.]  Counsel for Defendant contests that Plaintiff has satisfied this Court's Meet and Confer Requirements via telephone or in person communication as set forth below.

## DEFENDANT'S POSITION REGARDING PLAINTIFF'S MEET AND CONFER REQUIREMENT

"Counsel must meet and confer on all issues before contacting the court. If counsel are located in the same district the meet and confer must be in person.  If counsel are located in different districts, then telephone or video conference may be used.  Exchanging letters, facsimiles, or e-mails **does not** satisfy the meet and confer requirement.  A party found by the Court to have failed to participate or to participate meaningfully in a required meet and confer session, may be sanctioned." (Emphasis added.)  Civil Chamber's Rule IV. A.  Plaintiff has failed to comply with the meet and confer requirements.  Plaintiff has not telephoned or participated in video conference with Defendant regarding the discovery dispute.  As such, Plaintiff has not met and conferred per the requirements under Civil Chambers Rule IV. A, and Plaintiff's Motion to Compel should be denied.

On April 10, 2019, Plaintiff's counsel sent a meet and confer letter to further compel Defendant to respond to the Interrogatories, and Request for Admission. (Tong Decl. ¶8, Ex. A.)  On April 15, 2019, Defendant had a telephone call with Plaintiff's counsel regarding the meet and confer letter and indicated that it would provide supplemental responses to some of the Interrogatories and Request for Admissions.  (Tong Decl. ¶9.)   On April 18, 2019, Defendant stated that it would provide supplemental responses by April 24, 2019.  (Tong Decl. ¶11 Ex. B.)  On April 23, 2019, Defendant served amended supplemental responses to each interrogatory, and supplemental responses to the request for admission requested by

Plaintiff in the meet and confer letter. (Tong Decl. ¶12 Ex. C.)

On April 23, 2019, Plaintiff sent an e-mail with a draft Joint Motion for Determination of Discovery Dispute regarding Defendant's responses to Written Discovery. (Tong Decl. ¶13 Ex. D.) Defendant sent Plaintiff an e-mail indicating that it already provided supplemental responses. (Tong Decl. ¶14 Ex. E.) Plaintiff indicated that "while Plaintiff appreciates the amended responses, some Interrogatories and RFA's remain unresponsive, as noted in the Separate Statement attached to the Joint Motion." (Tong Decl. ¶15 Ex. F.) No phone calls were arranged to further discuss the amended supplemental responses to the interrogatories or the supplemental responses to the request for admissions, and Plaintiff has failed to meet and confer pursuant to Civil Chambers Rule IV. A. (Tong Decl. ¶16.)

Furthermore, Plaintiff has not provided Defendant with ample time under Civil Chamber Rule IV.C.3 to provide a meaningful discussion on Plaintiff's meet and confer and to provide its response to the Joint Motion on the Written Discovery. Under Civil Chamber Rule IV.C.3, "the aggrieved party must provide the opposing party a reasonable opportunity to contribute to the Joint Motion. Reasonableness depends upon the extent and complexity of the dispute. A **minimum of seven (7) business days** prior to the anticipated filing date of the Joint Motion is reasonable, but only **barely**, for a party to participate meaningfully in the preparation of a joint motion." (Emphasis added.) Plaintiff sent the Joint Motions regarding Discovery on April 23, 2019. (Tong Decl. ¶13. Ex. D.) Plaintiff did not meet and confer, and subsequently sent an e-mail on April 29, 2019, stating that Plaintiff intends to file both motions on April 29, 2019. (Tong Decl. ¶¶15-17. Ex. F, G.) Defense counsel informed Plaintiff's counsel regarding the Civil Chamber rules, and that Plaintiff has not provided Defendant with sufficient time to provide a joint response, or to even meet and confer. Defendant indicated that it would do its best to provide a joint response to both motions. (Tong Decl. ¶18.) Based on the meet and confer

2.

requirements alone, Plaintiff's Motion to Compel should be denied.

/ / /

## PLAINTIFF'S PROCEDURAL POSTURE

Plaintiff filed her complaint alleging Retaliation and Wrongful Termination in Violation of Public Policy on May 17, 2018, in California State Court. The action was subsequently removed to Federal Court on July 26, 2018. [Id. at ¶ 5.]

Parties' Scheduling Order was issued on September 30, 2018, with a discovery cut-off date of March 29, 2019. [Id. at ¶ 6.]

Parties have since propounded and responded to a first set of written discovery. Plaintiff has meet and conferred with opposing counsel regarding Defendant's insufficient responses to Plaintiff's written discovery requests, set one. [Id. at ¶ 7.]

Plaintiff was deposed by Defendant on February 22, 2019. [Id. at ¶ 8.] Plaintiff currently seeks to compel complete and responsive answers to Interrogatories and Requests for Admissions propounded on Defendant.

Parties attended the Mandatory Settlement Conference in front of the Hon. Mitchell Dembin, on April 17, 2019. [Id. at ¶ 19.]

## DEFENDANT'S PROCEDURAL POSTURE

On May 17, 2018, Plaintiff filed her complaint alleging two causes of action: (1) retaliation; and a derivative cause of action for (2) wrongful termination in violation of public policy.  (Tong Decl. ¶2.)

On July 26, 2018, Defendant removed the case from state court to federal. (Tong Decl. ¶3.)

On or about September 25, 2018 the parties filed its Joint Discovery plan. (Tong Decl. ¶4.)

On October 1, 2018, the Court issued its Scheduling Order Regulating Discovery and Other Pre-trial Proceedings.  (Docket No. 14.)

3.

On October 9, 2018, Defendant served on Plaintiff its Interrogatories and Request for Production of Documents, set one.  (Tong Decl. ¶5.)

On January 22, 2019, Plaintiff served on Defendant her Request for Admission, Request for Production of Documents, and Interrogatories, set one. (Tong Decl. ¶6.)

On February 22, 2019, Defendant took Plaintiff's deposition.  (Tong Decl. ¶7.)

On April 10, 2019, Plaintiff sent a meet and confer letter to Defendant regarding written discovery.  (Tong Decl. ¶8.)

On April 15, 2019, Defendant had a telephone call with Plaintiff's counsel regarding the letter and indicated that it would provide supplemental responses to some of the Interrogatories and Request for Admissions.  (Tong Decl. ¶9.)

On April 17, 2019, the parties attended a mandatory settlement conference. (Tong Decl. ¶10.)

On April 18, 2019, Defendant stated that it would provide supplemental responses by April 24, 2019.  (Tong Decl. ¶11.)

On April 23, 2019, Defendant served amended supplemental responses to each of the Interrogatories and supplemental responses to the Request for Admissions, identified in the meet and confer letter.  (Tong Decl. ¶12.)

On April 23, 2019, Plaintiff sent an e-mail with a draft Joint Motion for Determination of Discovery Dispute regarding Defendant's responses to Written Discovery and for the Deposition of the Person Most Knowledgeable and Marcus Mukai. (Tong Decl. ¶13.)

On April 24, 2019, Defendant sent Plaintiff an e-mail indicating that it already provided supplemental responses.  (Tong Decl. ¶14.)

Plaintiff indicated in response that "while Plaintiff appreciates the amended responses, some Interrogatories and RFA's remain unresponsive, as noted in the Separate Statement attached to the Joint Motion."  No phone calls were arranged to

4.

further discuss the amended supplemental responses to the interrogatories or the supplemental responses to the request for admission. (Tong Decl. ¶¶15-16.)

On April 29, 2019, Plaintiff's counsel sent an e-mail stating that he plans on filing the Joint Motions and requesting Defendant's response. (Tong Decl. ¶17.) Defense counsel informed Plaintiff's counsel regarding the Civil Chamber rules, and that Plaintiff has not provided Defendant with sufficient time to provide a joint response, or to even meet and confer. Defendant indicated that it would do its best to provide a joint response to both motions. (Tong Decl. ¶18.)

On April 29, 2019, Defendant filed its Motion for Summary Judgment or in the alternative Motion for Summary Adjudication to be decided on June 10, 2019. (Tong Decl. ¶19.)

## PLAINTIFF'S FACTUAL SUMMARY

Plaintiff propounded written discovery on Defendants on January 22, 2019. Defendant had until February 25, 2019 to produce discovery responses to Plaintiff's Request for Admissions and Interrogatories, Set One. [Id. at ¶ 9.] Per Defense counsel's request, Plaintiff granted a two-week discovery extension through March 11, 2019. [Id.] Defendant's counsel subsequently requested another two-week extension through March 25, 2019; Plaintiff's counsel obliged. [Id.] Defense counsel again requested another extension through March 29, 2019; the discovery cut-off date pursuant to Parties' scheduling order. [Id.] Finally, Defendant's counsel requested a final extension through the weekend until April 1, 2019; now approximately five-weeks after Defendant's discovery was scheduled to be produced and served on Plaintiff. [Id.]

Defendant's initial responses to Plaintiff's Interrogatories consisted entirely of boilerplate objections and no substantive answers. [Id.] Defendant's responses to date are deemed insufficient to Plaintiff's Request for Admissions largely failed to admit, deny, or provide reasoning for why a response could not be provided at this

time; instead, Defendant merely provided a hypothetical response which was repeated throughout their Admissions. [Id.]

### DEFENDANT'S FACTUAL SUMMARY

Plaintiff propounded discovery on Defendant, on January 22, 2019, with responses due on February 25, 2019, a mere one month prior the discovery completion date on March 29, 2019. (Tong Decl. ¶6.)  Plaintiff propounded on Defendant interrogatories (consisting of subparts, which exceeded the 25 interrogatories permitted under FRCP Rule 33), requests for admission, and requests for production of documents.  (Id.)  Defendant produced over 400 pages of documents, and categorized each document in response to the request, and provided substantive responses to the interrogatories and request for admission.

On April 10, 2019, Plaintiff's counsel sent a meet and confer letter to further compel Defendant to respond to the Interrogatories, and Request for Admission. (Tong Decl. ¶8, Ex. A.)  On April 15, 2019, Defendant had a telephone call with Plaintiff's counsel regarding the meet and confer letter and indicated that it would provide supplemental responses to some of the Interrogatories and Request for Admissions.  (Tong Decl. ¶9.) Plaintiff's counsel indicated during the call that he would not confirm or reschedule the depositions until after he received the supplemental responses.  (Id.)  On April 18, 2019, Defendant stated that it would provide supplemental responses by April 24, 2019.  (Tong Decl. ¶11 Ex. B.)  On April 23, 2019, Defendant served amended supplemental responses to each of the interrogatories, and supplemental responses to the requests for admission in the meet and confer letter. (Tong Decl. ¶12 Ex. C.)  On April 23, 2019, Plaintiff sent an e-mail with a draft Joint Motion for Determination of Discovery Dispute regarding Defendant's responses to Written Discovery and for the Deposition of the Person Most Knowledgeable and Marcus Mukai. (Tong Decl. ¶13 Ex. D.)   On April 24, 2019, Defendant sent Plaintiff an e-mail indicating that it already provided

supplemental responses.  (Tong Decl. ¶14 Ex. E.)  Plaintiff indicated in response that "while Plaintiff appreciates the amended responses, some Interrogatories and RFA's remain unresponsive, as noted in the Separate Statement attached to the Joint Motion." (Tong Decl. ¶15 Ex. F.)  No phone calls were arranged to further discuss the amended supplemental responses, and Plaintiff has failed to meet and confer pursuant to Civil Chambers Rule IV. A.  (Tong Decl. ¶16.)

### PLAINTIFF'S ARGUMENT

**A.     Plaintiff is Entitled to Discover any Non-privileged Information Relevant to her Claims or Defendant's Defenses**.

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding:

Any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Relevant information "need not be admissible in evidence to be discoverable." [Id] A court "must limit the frequency or extent of discovery otherwise allowed" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b )( 1 ). " Fed. R. Civ. P. 26(b)(2)(C).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide

7.

further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the court of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." *Bluestone Innovations, LLC v. LG Elects. Inc.,* 2013 WL 6354419. At*2 (N.D. CA Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." *Centeno v. city of Fresno,* 2016 WL 7491634, at *4 (E.D. CA Dec. 29, 2016) (citing *In re Bard IVC Filters Prods. Liab. Litig.,* 317 F.R.D. 562,564 (D. AZ 2016)).

**B.     Defendant is Obstructing Plaintiff's Right to Discover Evidence Relevant to her Claims and Defendant's Defenses.**

Parties have attached Written Discovery responses in dispute and relevant contentions as "EXHIBIT 1".

## DEFENDANT'S ARGUMENT

Plaintiff's Motion to Compel should be denied because Plaintiff failed to properly meet and confer pursuant to Chamber Rules.  Defendant provided Plaintiff with the amended supplemental to the interrogatories and supplemental responses to the request for admissions on April 23, 2019.  (Tong Decl. ¶12.)  Instead of continuing to meet and confer on the amended supplemental responses, Plaintiff sent an e-mail on April 24, 2019 indicating that, "while Plaintiff appreciates the amended responses, some Interrogatories and RFA's remain unresponsive, as noted in the separate statement attached to the Joint Motions brought before the Court."  (Tong Decl. ¶¶14-15.)  Thus, Plaintiff has failed to comply with the Chamber Rules to telephone or schedule a meeting in person to meet and confer on the supplemental

1  responses to the request for admissions and amended supplemental responses to the

2  interrogatories, and the Court should deny the Motion to Compel.

3       Likewise, the deadline to file a Motion to Compel has passed, and the Court

4  should deny on that basis as well.  Plaintiff was not diligent in propounding written

5  discovery.  Plaintiff propounded written discovery in January 22, 2019, with

6  responses due February 25, 2019 (a mere month before the discovery completion

7  deadline).  (Tong Decl. ¶6.)  Plaintiff was not cognizant of the discovery completion

8  deadline when granting the extension and did not stipulate with Defendant to extend

9  the discovery completion deadline.  Plaintiff sat on the discovery for months.  This is

10  not a complex case, there is only one cause of action for retaliation, and a derivative

11  cause of action for wrongful termination. There is no reason for Plaintiff to prolong

12  sending out discovery, or for Plaintiff to need more time to engage in discovery.

13  There is no reason that Plaintiff should have waited until January 2019 to propound

14  discovery.  Defendant was diligent in defending the case and propounded discovery

15  to Plaintiff on October 9, 2018, immediately after the Court issued its Scheduling

16  Order.  (Tong Decl. ¶5.)  Defendant took the deposition of Plaintiff on February 22,

17  2019, all within the discovery deadline.  (Tong Decl. ¶7.)  Likewise, Defendant has

18  filed its Motion for Summary Judgment in the case to be decided on June 10, 2019.

19  (Tong Decl. ¶19.)   The Motion to Compel should be denied because it would

20  prejudice Defendant, after having filed the MSJ and setting the date for the MSJ to

21  be decided, because it would introduce new witnesses and evidence into the case.

22       Likewise, Defendant has provided adequate substantive responses to the

23  request for admissions, as well as to the interrogatories.  Plaintiff's interrogatories

24  contained subparts, and the interrogatories surpassed the maximum allowed under

25  FRCP Rule 33. Defendant provided substantive responses to each of the

26  Interrogatories and Requests for Admission as outlined in Separate Statement

27  (Exhibit 1). As such Plaintiff's Motion to Compel written discovery should be

28

9.

1    denied.

2    DATED: May 7, 2019                          HEWGILL COBB & LOCKARD, APC
3                                                 JUSTIN HEWGILL

4                                                 By: __/s/ Justin Hewgill_____
5                                                         Justin Hewgill

6                                                 Attorneys for Plaintiff,
7                                                 ALICIA DEL VILLAR

8    DATED: May 3, 2019                          GLEASON & FAVAROTE, LLP
                                                  PAUL M. GLEASON
9                                                 TOREY JOSEPH FAVAROTE
                                                  JING TONG
10

11                                               By: __/s/ Jing Tong_____
12                                                       Jing Tong

13                                               Attorneys for Defendant TRANSDEV
                                                  SERVICES INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF JOINT MOTION FOR
DETERMINATION OF DISCOVERY DISPUTES**
**USDC CASE NO. 3:18-CV-01721-W-MDD**

# EXHIBIT 1

**Parties' Joint Separate Statement**

**Plaintiff's Interrogatories, Set One**

| Interrogatory No. 6 |
|---|
| If YOU contend that PLAINTIFF was TERMINATED, please state all facts which support YOUR reason for TERMINATING PLAINTIFF. |
| **Defendant's Initial Response** |
| Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the terms "contend,""TERMINATED" and "TERMINATING" contained therein are vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it requests information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. |
| **Defendant's Supplemental Response** |
| Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the terms "contend,""TERMINATED" and "TERMINATING" contained therein are vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it requests information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds as follows: Plaintiffs employment with Defendant was terminated on June 24, 2016 for the reasons stated in its Notice to Employee as to Change in Relationship for Plaintiff signed by Rene Alvarez on June 24, 2016. Defendant was also aware at the time of termination that Plaintiff received two prior written warnings for the same conduct. Plaintiff was informed that her "failure to comply with the company rules, policies and/or procedures outlined in the CBA and/or Transdev's Employee Handbook might result in further disciplinary action and/or termination of employment." Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time. |
| **Plaintiff's basis of defective response** |
| This interrogatory requests that Defendant state all facts which support their reasoning for terminating Plaintiff's employment. Defendant responded by identifying a document without actually providing reasons for terminating Plaintiff's employment; Defendant also states that Plaintiff "received two prior written warnings for the same conduct" yet failed to state/define the alleged conduct. Defendant's response is therefore vague, ambiguous, evasive, and only partially responsive, if at all. |

**Defendant's Amended Supplemental Response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the terms "contend," "TERMINATED" and "TERMINATING" contained therein are vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it requests information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds as follows: Plaintiff's employment with Defendant was terminated on June 24, 2016 for the reasons stated in its Notice to Employee as to Change in Relationship for Plaintiff signed by Rene Alvarez on June 24, 2016, a true and correct copy of which is attached hereto as Exhibit A and incorporated in this response by this reference. Defendant was also aware at the time of termination that Plaintiff received two prior written warnings for the same conduct, true and correct copies of which are attached hereto as Exhibits B and C, which are incorporated in this response by this reference. Plaintiff was informed that her "failure to comply with the company rules, policies and/or procedures outlined in the CBA and/or Transdev's Employee Handbook might result in further disciplinary action and/or termination of employment." Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time.

**Plaintiff's basis of defective response**

This interrogatory requests that Defendant state all reasons for terminating Plaintiff's employment with Defendant. While Defendant did attach Plaintiff's "Notice to Employee as to Change Relationship" letter and two prior write-ups, Defendant fails to expressly state all reasons for Plaintiff's termination. Therefore, Defendant's answer to this Interrogatory is nonresponsive.

**Defendant's Response to Plaintiff's Basis of Defective Response**

Defendant has stated all reasons for terminating Plaintiff's employment with Defendant. The reason for the termination was attached as the "Notice to Employee as to Change in Relationship" and the two prior write-ups. The Notice provides in detail the reason that Defendant terminated Plaintiff related to the June 16, 2016 incident, the Notice also provides details of the investigation, the company policies, Plaintiff's response, and video of the June 16, 2016 incident.  Likewise, the two prior write-ups show that Plaintiff was written up on two separate prior occasions for the same infraction. The interrogatory is further compound asking whether: (1) Plaintiff contends that she was terminated and (2) if so, state all facts supporting the reason for terminating Plaintiff.  Per Federal Rules of Civil Procedure ("FRCP") Rule 33: "unless otherwise stipulated or ordered by the court, a party may serve on any party no more than 25 written interrogatories, including all discrete subparts."  There was no stipulation to allow Plaintiff more than 25 written interrogatories, and there was no Court order allowing Plaintiff more than 25 written interrogatories.  Plaintiff has further failed to meet and confer regarding this amended supplemental interrogatory.  Defendant provided sufficient responses to Interrogatory No. 6.

**Interrogatory No. 7**

If YOU contend that PLAINTIFF was TERMINATED, please identify, by name, title, and contact information, all PERSONS that who witnessed any of the events leading to PLAINTIFF being TERMINATED, or who has any information regarding any of the all facts which support YOUR reason for TERMINATING PLAINTIFF.

**Defendant's Initial Response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "witnessed any of the events," and the terms "contend," "TERMINATED" and "TERMINATING" contained therein are vague and ambiguous. Defendant further objects to this interrogatory on the basis that it seeks information about current or f01mer and/or former employees that is protected from disclosure under the right to privacy set forth in the United States Constitution, federal and state statutes, or the common law. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it requests inf01mation protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this interrogat01y to the extent that it is overly broad and unduly burdensome. Defendant objects that this interrogatory is compound.

**Defendant's Supplemental Response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "witnessed any of the events," and the terms "contend," "TERMINATED" and "TERMINATING" contained therein are vague and ambiguous. Defendant further objects to this interrogatory on the basis that it seeks information about current or former and/or former employees that is protected from disclosure under the right to privacy set forth in the United States Constitution, federal and state statutes, or the common law. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it requests information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this inte1rogatory to the extent that it is overly broad and unduly burdensome. Defendant objects that this interrogatory is compound. Subject to and without waiving the foregoing objections, Defendant responds as follows: Plaintiffs employment with Defendant was terminated on June 24, 2016 for the reasons stated in its Notice to Employee as to Change in Relationship for Plaintiff signed by Rene Alvarez on June 24, 2016. Defendant was also aware at the time of termination that Plaintiff received two prior written warnings for the same conduct. Defendant has produced the video of the incident. Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time.

**Plaintiff's basis of defective response**

This interrogatory requests that Defendant identify, by name, title, and contact information, all persons that witnessed any of the events leading to Plaintiff being terminated. Defendant responded by identifying two documents, a termination letter and video; yet failed to identify anyone at all. Defendant's response is therefore vague, ambiguous, evasive, and entirely nonresponsive.

**Defendant's Amended Supplemental Response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "witnessed any of the events," and the terms "contend," "TERMINATED" and "TERMINATING" contained therein are vague and ambiguous. Defendant further objects to this interrogatory on the basis that it seeks information about current or former and/or former employees that is protected from disclosure under the right to privacy set forth in the United States Constitution, federal and state statutes, or the common law. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it requests information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant objects that this interrogatory is compound. Subject to and without waiving the foregoing objections, Defendant responds as follows: Rene Alvarez, Rodney Lewis, Maria Moncada, Greg Wagner, Brenda Jones, Arthur Santos, Juan Silva, Blake Queen, Arlett Rincon, Marcus Mukai, Brenda Perez, Susy Yepez, Michael Clark, and Victor Garcia-Machuca. One or more union representatives and/or shop stewards were present at meetings on June 17, 2016, June 22, 2016 and June 24, 2016. Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time.

**Plaintiff's basis of defective response**

This interrogatory requests that Defendant identify, by name, title, and contact information, all persons that witnessed any of the events leading to Plaintiff being terminated. Defendant responded by identifying thirteen individuals; yet failed to identify their respective job titles and contact information. Defendant's response is therefore vague, ambiguous, evasive, and nonresponsive.

**Defendant's Response to Plaintiff's Basis of Defective Response**

Defendant identified the individuals who witnessed the events leading up to Plaintiff being terminated including Rene Alvarez, Rodney Lewis, Maria Moncada, Greg Wagner, Brenda Jones, Arthur Santos, Juan Silva, Blake Queen, Arlett Rincon, Marcus Mukai, Brenda Perez, Susy Yepez, Michael Clark, and Victor Garcia-Machuca. Furthermore, the Interrogatory is compound, there are multiple interrogatories requested in Interrogatory No. 7 asking: (1) does Defendant contend Plaintiff was terminated, if so: (2) identify name, (3) title, (4) contact information of all persons who witnessed any of the events leading to Plaintiff being terminated. Per FRCP Rule 33: "unless otherwise stipulated or ordered by the court, a party may serve on any party no more than 25 written interrogatories, including all discrete subparts." There was no stipulation to allow Plaintiff more than 25 written interrogatories, and there was no Court order allowing Plaintiff more than 25 written interrogatories. Plaintiff has further failed to meet and confer regarding this amended supplemental interrogatory. Defendant provided sufficient responses to Interrogatory No. 7.

**Interrogatory No. 10**

Did the PLAINTIFF complain to YOU about proposed or actual ROUTES being in violation of, or being potentially in violation of California meal and rest period laws between June 1, 2015 and June 30, 2016? If so, for each complaint state the date the complaint was made, the nature of the complaint and identify all DOCUMENTS related to the complaint.
[As used herein, "ROUTES" refer to work schedules and assignments for bus drivers.]

**Defendant's Initial Response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "violation of, or potentially in violation of' and the term "complain" contained herein are vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects on the ground that this interrogatory seeks private and confidential financial, and or proprietary business information.

**Defendant's Supplemental Response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "violation of, or potentially in violation of' and the term "complain" contained herein are vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects on the ground that this interrogatory seeks private and confidential financial, and or proprietary business information. Subject to and without waiving the foregoing objections, Defendant responds as follows: as a Union Steward and as part of the runcut committee, Plaintiff, along with other committee members, was responsible for reviewing the proposed schedules or runcuts and raise any discrepancies or issues involving the schedules to Defendant. Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time.

**Plaintiff's basis of defective response**

This interrogatory requests that Defendant state whether it investigated any of the complaints of unlawful conduct raised in Interrogatory No. 10 and to identify the investigator's or interviewee's name, job title, and contact information. Defendant's response merely asserts a hypothetical response by describing Plaintiff's role as a Union Steward. Defendant failed to provide any details, dates, or identify anyone as requested and has failed to meet its duty of undertaking reasonable inquiry in its response. Defendant's response is therefore vague, ambiguous, evasive, and entirely nonresponsive.

**Defendant's Amended Supplemental Response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "violation of, or potentially in violation of" and the term "complain" contained herein are vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects on the ground that this interrogatory seeks private and confidential financial, and or proprietary business information. Subject to and without waiving the foregoing objections, Defendant responds as follows: as a Union Steward and as part of the run-cut committee, Plaintiff, along with other committee members, was responsible for reviewing the proposed schedules or runcuts and raise any discrepancies or issues involving the schedules to Defendant. In her capacity as Shop Steward and run-cut committee member, Plaintiff sent the following emails to Defendant:

- E-mail dated May 29, 2016 regarding "REVIEW RESULTS OF PADDLES AND BIDS;"
- E-mail dated June 5, 2016 regarding "BUS OPERADORES CONCERN;"
- E-mail dated June 12, 2016 at 7:27 P.M. regarding "PADDLE MISTAKES;"
- E-mail dated June 12, 2016 at 8:28 P.M. regarding "PADDLE MISTAKES."

There were also discussions of paddles between members of the run-cut committee and Defendant during meetings of the run-cut committee. Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time.

**Plaintiff's basis of defective response**

This interrogatory requests that Defendant state whether Plaintiff complained to Defendant regarding proposed or actual routes being in violation of California law between June 1, 2015, and June 30, 2016; and to identify such complaints by date, nature, and related documents. While Defendant has provided documents listed above in its amended supplemental response, Defendant fails to state whether Plaintiff complained to Defendant regarding the aforementioned routes. Instead, Defendant recites a hypothetical by stating "Plaintiff, along with other committee members, was responsible for reviewing the proposed schedules or runcuts and raise any discrepancies or issues involving schedules to Defendant"; Plaintiff did ask for her job description, Plaintiff asked for Defendant to state whether the aforementioned complaints were made.

**Defendant's Response to Plaintiff's Basis of Defective Response**

Defendant provided in its response that Plaintiff would raise discrepancies involving the schedules in her capacity as a member of the runcut committee and Union Steward. Defendant identified the dates when Plaintiff raised the discrepancies, the subject line of the e-mails to provide context, and has identified the documents which were the e-mails. Defendant objected to the term "complaint" was vague and ambiguous because Plaintiff raised discrepancies in her capacity as a member of the runcut committee. Furthermore, the Interrogatory is compound, there are multiple interrogatories requested in Interrogatory No. 10 asking: (1) Did Plaintiff complain to YOU; (2) if so, state the date the complaint was made; (3) the nature of the complaint and (4) identify all documents related to the complaint. Per FRCP Rule 33: "unless otherwise stipulated or ordered by the court, a party may serve on any party no more than 25 written interrogatories, including all discrete subparts." There was no stipulation to allow Plaintiff more than 25 written interrogatories, and there was no Court order allowing Plaintiff more than 25 written interrogatories. Plaintiff has failed to meet and confer regarding this amended supplemental interrogatory. Defendant provided sufficient responses to Interrogatory No. 10.

---

**Interrogatory No. 11**

Did YOU investigate any of the complaints of unlawful conduct which are responsive to interrogatories 10? If so, please state the name, job title, and contact information of each PERSON who investigated or who was interviewed or who provided an oral or written statement as part of the investigation of the complaint.

**Defendant's Initial Response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "complaints of unlawful conduct" and the term "investigate" contained herein are vague and ambiguous. Defendant fu1iher objects to this interrogatory extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information. Defendant further objects to this interrogatory on the basis that it seeks informaiton about current or former and/or former employees that is protected from disclosure under the right to privacy set forth in the United States Constitution, federal and state statutes, or the common law. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects that this interrogatory is compound.

7

**Defendant's Supplemental Response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogat01y on the basis that the phrase "complaints of unlawful conduct" and the term "investigate" contained herein are vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogat01y to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information. Defendant further objects to this interrogatory on the basis that it seeks information about current or former and/or former employees that is protected from disclosure under the right to privacy set f01ih in the United States Constitution, federal and state statutes, or the common law. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects that this interrogatory is compound. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant worked with the Union, Union Stewards and the runcut committee to address any issues or discrepancies in the routes. If, in the runcut committee meeting, Plaintiff or any other member raised issues or conce1ns with the runcut or schedule, they would be looked into to ensure that they were in compliance with  company policy and the law. Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time.

**Plaintiff's basis of defective response**

This interrogatory requests that Defendant state whether it investigated any of the complaints of unlawful conduct raised in Interrogatory No. 10 and to identify the investigator's or interviewee's name, job title, and contact information. Defendant's response merely asserts a hypothetical response by describing Plaintiff's role as a Union Steward. Defendant failed to provide any details, dates, or identify anyone as requested and has failed to meet its duty of undertaking reasonable inquiry in its response. Defendant's response is therefore vague, ambiguous, evasive, and entirely nonresponsive.

**Defendant's Amended Supplemental Response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "complaints of unlawful conduct" and the term "investigate" contained herein are vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information. Defendant further objects to this interrogatory on the basis that it seeks information about current or former and/or former employees that is protected from disclosure under the right to privacy set forth in the United States Constitution, federal and state statutes, or the common law. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects that this interrogatory is compound. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant worked with the Union, Union Stewards and the run-cut committee to address any issues or discrepancies in the routes. If, in the run-cut committee meeting, Plaintiff or any other member raised issues or concerns with the run-cut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law. Individuals involved included Bill Lewis, Rene Alvarez, Alfred Bethel, Margarita Pitti, Jeff Hauser, and Juan Silva, who were all employees of Defendant. Shop stewards Claudia Valley, William Wimbish and Plaintiff were also involved. Union employees Wayne Lovett, and Leo Dorado were also involved. Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time.

**Plaintiff's basis of defective response**

This interrogatory requests that Defendant identify, by name, title, and contact information, all persons that witnessed any of the events leading to Plaintiff being terminated. Defendant responded by identifying ten individuals; yet failed to identify their respective job titles and contact information. Defendant's response is therefore vague, ambiguous, evasive, and entirely nonresponsive.

**Defendant's Response to Plaintiff's Basis of Defective Response**

Defendant provided in its response that if Plaintiff raised any discrepancies, they would be looked into to ensure that they were in compliance with company policies and the law and identified individuals who would look into the discrepancies. Furthermore, the Interrogatory is compound, there are multiple interrogatories requested in Interrogatory No. 11 asking: (1) Did Defendant investigate any of the complaints; (2) if so, state the name; (3) job title; (4) contact information of each person who investigated. Per FRCP Rule 33: "unless otherwise stipulated or ordered by the court, a party may serve on any party no more than 25 written interrogatories, including all discrete subparts." There was no stipulation to allow Plaintiff more than 25 written interrogatories, and there was no Court order allowing Plaintiff more than 25 written interrogatories. Plaintiff has failed to meet and confer regarding this amended supplemental interrogatory. Defendant provided sufficient responses to Interrogatory No. 11.

| Interrogatory No. 12 |
|---|
| Did YOU investigate any of the complaints of unlawful conduct which are responsive to interrogatories 10? If so please identify, by title, date, and author, all DOCUMENTS related to the complaint. |
| **Defendant's Initial Response** |
| Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the terms/phrases "investigate," "related to," and "complaints of unlawful conduct" contained herein are vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the request seeks private and confidential financial, and or propriety business information. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects that this interrogatory is compound. |
| **Defendant's Supplemental Response** |
| Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the terms/phrases "investigate," "related to," and "complaints of unlawful conduct" contained herein are vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects that this interrogatory is compound. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant worked with the Union, Union Stewards and the 1uncut committee to address any issues or discrepancies in the routes. If, in the runcut committee meeting, Plaintiff or any other member raised issues or concerns with the runcut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law. Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time. |
| **Plaintiff's basis of defective response** |
|     This interrogatory requests that Defendant state whether it investigated any of the complaints of unlawful conduct raised in Interrogatory No. 10 and to identify documents by title, date, and author. Defendant responded with a hypothetical in stating, "If, in the runcut committee meeting, Plaintiff or any other member raised issues or concerns with the runcut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law"; yet failed to provide any details, titles, dates, or otherwise identify any document as requested. Defendant failed to meet its duty of undertaking reasonable inquiry in its response. Defendant's response is therefore vague, ambiguous, evasive, and entirely nonresponsive. |

**Defendant's Amended Supplemental Response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the terms/phrases "investigate," "related to," and "complaints of unlawful conduct" contained herein are vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects that this interrogatory is compound. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant worked with the Union, Union Stewards and the run-cut committee to address any issues or discrepancies in the routes. If, in the run-cut committee meeting, Plaintiff or any other member raised issues or concerns with the run-cut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law. Documents know by Defendant to be in its possession, custody or control that relate to this process are as follows:

E-mail dated June 2, 2016 from Rodney ("Bill") Lewis to Plaintiff;
E-mail dated June 13, 2016 to Plaintiff from Rene Alvarez;
E-mail chain dated June 2, 2016 regarding "Discrepancy - New paddles June 2016

**Plaintiff's basis of defective response**

Plaintiff Requests that Defendant supplement their response by including the author of "Email chain dated June 2, 2016", as requested by the respective interrogatory.

**Defendant's Response to Plaintiff's Basis of Defective Response**

Defendant provided in its response, the documents related to the complaint, including the e-mails that were sent, including dates, and recipients. Furthermore, the Interrogatory is compound, there are multiple interrogatories requested in Interrogatory No. 11 asking if: (1) Defendant investigated any of the complaints of unlawful conduct; (2) if so, identify by title, (3) date, (4) author of all documents related to the complaint. Per FRCP Rule 33: "unless otherwise stipulated or ordered by the court, a party may serve on any party no more than 25 written interrogatories, including all discrete subparts." There was no stipulation to allow Plaintiff more than 25 written interrogatories, and there was no Court order allowing Plaintiff more than 25 written interrogatories. Plaintiff has failed to meet and confer regarding the amended supplemental interrogatory. Defendant provided sufficient responses to Interrogatory No. 12.

**Interrogatory No. 13**

Did YOU take any action at the conclusion of any investigation responsive to interrogatory number 10? If so, please describe the action taken and state whether the EMPLOYEE who made the complaint was made aware of the actions taken by the EMPLOYER in response to the complaint, and, if so, state how and when?

**Defendant's Initial Response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "take any action" contained herein is vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects that this interrogatory is compound.

**Defendant's Supplemental Response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "take any action" contained herein is vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects that this interrogatory is compound. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant worked with the Union, Union Stewards and the 1uncut committee to address issues or discrepancies in the routes. If, in the runcut committee meeting, Plaintiff or any other member raised issues or concerns with the runcut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law. Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time.

**Plaintiff's basis of defective response**

This interrogatory requests that Defendant state whether it investigated any of the complaints of unlawful conduct raised in Interrogatory No. 10 and to describe any responsive action taken in addition to whether Plaintiff was made aware of the responsive action. Defendant responded with a hypothetical in stating, "If, in the runcut committee meeting, Plaintiff or any other member raised issues or concerns with the runcut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law"; yet failed to provide any details or actions as requested. Defendant failed to meet its duty of undertaking reasonable inquiry in its response. Defendant's response is therefore vague, ambiguous, evasive, and entirely nonresponsive.

**Defendant's Supplemental Amended response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "take any action" contained herein is vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects that this interrogatory is compound. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant worked with the Union, Union Stewards and the runcut committee to address issues or discrepancies in the routes. If, in the run-cut committee meeting, Plaintiff or any other member raised issues or concerns with the run-cut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law. Also, see the following documents:

E-mail dated June 2, 2016 from Rodney ("Bill") Lewis to Plaintiff;
E-mail dated June 13, 2016 to Plaintiff from Rene Alvarez;
E-mail chain dated June 2, 2016 regarding "Discrepancy - New paddles June 2016

**Plaintiff's basis of defective response**

This interrogatory requests that Defendant state whether it investigated any of the complaints of unlawful conduct raised in Interrogatory No. 10 and to describe any responsive action taken in addition to whether Plaintiff was made aware of the responsive action. Defendant responded by referencing documents and reciting the same hypothetical Defendant stated in their prior supplemental response in stating, "If, in the runcut committee meeting, Plaintiff or any other member raised issues or concerns with the runcut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law"; yet failed to provide any details or actions as requested. Defendant failed to meet its duty of undertaking reasonable inquiry in its response. Defendant's response is therefore vague, ambiguous, evasive, and entirely nonresponsive.

**Defendant's Response to Plaintiff's Basis of Defective Response**

Defendant provided in its response, the actions taken at the conclusion of the investigation, that the issues and concerns would be looked into to ensure compliance with the company policy and law. Furthermore, the Interrogatory is compound, there are multiple interrogatories requested in Interrogatory No. 13 asking if: (1) Defendant took any action at the conclusion of the investigation; and if so, (2) describe the action taken and (3) whether the employee who made the complaint was made aware of the actions taken by the employer in response to the complaint, and (4) if so state how, and (5) when. Per FRCP Rule 33: "unless otherwise stipulated or ordered by the court, a party may serve on any party no more than 25 written interrogatories, including all discrete subparts." There was no stipulation to allow Plaintiff more than 25 written interrogatories, and there was no Court order allowing Plaintiff more than 25 written interrogatories. Plaintiff has failed to meet and confer regarding the amended supplemental interrogatory. Defendant provided sufficient responses to Interrogatory No. 13.

| **Interrogatory No. 14** |
|---|
| Did YOU take any action at the conclusion of any investigation responsive to interrogatory number 10? If so, please identify all by title, date, and author DOCUMENTS relating to any action taken in response to the complaint. |
| **Defendant's Initial Response** |
| Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this Interrogatory on the basis that the phrase "relating to any action taken" contained herein is vague and ambiguous. Defendant further objects to this Interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information. Defendant further objects to the extent that the Interrogatory seeks information that is protected from disclosure by the att01ney-client privilege and/or attorney work product doctrine. Defendant further objects that this Interrogatory is compound. |
| **Defendant's Supplemental Response** |
| Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this Interrogatory on the basis that the phrase "relating to any action taken" contained herein is vague and ambiguous. Defendant further objects to this Interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business inf01mation. Defendant further objects to the extent that the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects that this interrogatory is compound. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant worked with the Union, Union Stewards and the runcut committee to address discrepancies in routes. If, in the runcut committee meeting, Plaintiff or any other member raised issues or concerns with the runcut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law. Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time. |
| **Plaintiff's basis of defective response** |
|     This interrogatory requests that Defendant state whether it investigated any of the complaints of unlawful conduct raised in Interrogatory No. 10 and to identify all documents by title, date, and author, relating to any responsive action taken by Defendant. Defendant responded by stating, "If, in the runcut committee meeting, Plaintiff or any other member raised issues or concerns with the runcut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law"; yet failed to provide any details, titles, dates, or otherwise identify any document as requested. Defendant's response is therefore vague, ambiguous, evasive, and entirely nonresponsive. |

**Defendant's Supplemental Amended response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "take any action" contained herein is vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects that this interrogatory is compound. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant worked with the Union, Union Stewards and the runcut committee to address issues or discrepancies in the routes. If, in the run-cut committee meeting, Plaintiff or any other member raised issues or concerns with the run-cut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law. Also, see the following documents:

E-mail dated June 2, 2016 from Rodney ("Bill") Lewis to Plaintiff;
E-mail dated June 13, 2016 to Plaintiff from Rene Alvarez;
E-mail chain dated June 2, 2016 regarding "Discrepancy - New paddles June 2016

**Plaintiff's basis of defective response**

This interrogatory requests that Defendant state whether Defendant took any action at the conclusion of any investigation responsive to Interrogatory No. 10 and to identify any relevant documents by date, author, and subject-matter. Defendant responded by referencing documents and reciting the same hypothetical Defendant stated in their prior supplemental response in stating, "If, in the runcut committee meeting, Plaintiff or any other member raised issues or concerns with the runcut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law"; yet failed to provide any details or actions as requested. Defendant failed to meet its duty of undertaking reasonable inquiry in its response. Defendant's response is therefore vague, ambiguous, evasive, and entirely nonresponsive.

**Defendant's Response to Plaintiff's Basis of Defective Response**

Defendant provided in its response, the actions taken, and documents related to the actions taken in response to the complaint including the e-mails identified. Furthermore, the Interrogatory is compound, there are multiple interrogatories requested in Interrogatory No. 14 asking if: (1) Defendant took any action at the conclusion of the investigation; and if so, (2) identify by title (3) date and (4) author documents related to any action taken in response to the complaint. Per FRCP Rule 33: "unless otherwise stipulated or ordered by the court, a party may serve on any party no more than 25 written interrogatories, including all discrete subparts." There was no stipulation to allow Plaintiff more than 25 written interrogatories, and there was no Court order allowing Plaintiff more than 25 written interrogatories.  Plaintiff has failed to meet and confer regarding the amended supplemental interrogatory. Defendant provided sufficient responses to Interrogatory No. 14.

**Plaintiff's Request for Admissions, Set One**

| Request for Admissions No. 12 |
|---|
| Admit that YOU do not always terminate YOUR employees who have committed a "TERMINABLE INFRACTION". [As used herein, "TERMINABLE INFRACTION" refers to the list of offenses as defined in Plaintiffs Employee Handbook, page 43.] |
| **Defendant's Response** |
| Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects that the request is vague and ambiguous as drafted and to the phrase "always terminate," and " committed a TERMINABLE INFRACTION." Defendant further objects that the request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that it is overly broad. Defendant further objects to the extent that this request seeks information protected from disclosure by the right to privacy contained in Article I, Section 1 of the California Constitution. |
| **Plaintiff's basis of defective response** |
| This Request for Admissions asks that Defendant admit, deny, or reasonably state in detail why the Defendant cannot truthfully admit or deny whether Defendant always terminates employees for committing terminable infractions pursuant to Defendant's company policies. Defendant responded with boilerplate objections and no further explanation as to why Defendant cannot truthfully provide an admission or denial of the request. Therefore, Defendant's response is nonresponsive to the requested admission. |
| **Defendant's Supplemental Response** |
| Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects that the request is vague and ambiguous as drafted and to the phrase "always terminate," and " committed a TERMINABLE INFRACTION." Defendant further objects that the request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that it is overly broad. Defendant further objects to the extent that this request seeks information protected from disclosure by the right to privacy contained in Article I, Section 1 of the California Constitution. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant denies that page 43 of Transdev Services Inc. Safety Policy and Procedures is applicable to this matter. Defendant did provide Plaintiff with two prior written warnings when she failed to immediately report an accident and admits that it did not terminate Plaintiff on the two prior occasions. |
| **Plaintiff's basis of defective response** |
| Plaintiff's Request asks Defendant to admit, deny, or reasonably state in detail why the Defendant cannot truthfully admit or deny whether Defendant always terminates employees for committing terminable infractions pursuant to Defendant's company policies. Defendant responded to Plaintiff's Request by stating that denying the "Denies that page 43 of Transedev Services Inc. Safety Policy and Procedures is applicable to this matter" and stated that Plaintiff had received two prior warnings for failing to immediately report an incident. Defendant fails to admit or deny whether Defendant's employees are always terminated after having commited a terminable infraction pursuant to company polcies. Therefore, Defendant's response is nonresponsive to the requested admission. |

16

**Defendant's Response to Plaintiff's Basis of Defective Response**

Defendant denied this request to the extent that the RFA cites to a page in the Employee Handbook which did not apply to the June 16, 2016 incident.   Nevertheless, Defendant stated that it did provide Plaintiff with two prior written warnings when she failed to immediately report an accident and admits that it did not terminate her for this.  Thus, Defendant's response to this request is sufficient.

**Request for Admissions No. 15**

Admit that YOU have not terminated every OPERATOR who has failed to IMMEDIATELY report a NEAR MISS to YOUR dispatch during the past five year.

[As used herein, "OPERATORS" refer to the job description of YOUR bus drivers. "NEAR MISS" refers to all non-contact events in which a pedestrian comes within three feet of the bus's forward path while in operation.

As used herein, "IMMEDIATELY" means 55 seconds or less.]

**Defendant's Response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects that the request is vague and ambiguous as drafted and as to the phrase "NEAR MISS" and "IMMEDIATELY." Defendant further objects that the request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that it is overly broad. Defendant further objects to the extent that this request seeks information protected from disclosure by the right to privacy contained in Article I, Section 1 of the California Constitution.

**Plaintiff's basis of defective response**

This Request for Admissions asks that Defendant admit, deny, or reasonably state in detail why the Defendant cannot truthfully admit or deny whether Defendant always terminates employees for failing to immediately report a "near miss" pursuant to Defendant's company policies. Defendant responded with boilerplate objections and no further explanation as to why Defendant cannot truthfully provide an admission or denial of the request. Therefore, Defendant's response is nonresponsive to the requested admission.

**Defendant's Supplemental Response**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects that the request is vague and ambiguous as drafted and as to the phrase "NEAR MISS" and "IMMEDIATELY." Defendant further objects that the request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that it is overly broad. Defendant further objects to the extent that this request seeks information protected from disclosure by the right to privacy contained in Article I, Section 1 of the California Constitution. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant denies that the incident herein was a "near miss" as defined by Plaintiff. Defendant provided Plaintiff with two prior written warnings for her failure to immediately report, and admits that it did not terminate her on either occasion.

**Plaintiff's basis of defective response**

    Plaintiff's Request asked Defendant to Admit or Deny that they have not terminated every bus driver for failing to immediately report a near-miss within the past 5 years; Defendant responded to Plaintiff's Request by stating that denying the "the incident herein was a 'near miss'" and stated that Plaintiff had received two prior warnings for failing to immediately report an incident. Defendant failed to admit or deny whether they have not terminated every bus driver for failing to immediately report a near-miss within the past 5 years. Therefore, Defendant's response is nonresponsive to the requested admission.

**Defendant's Response to Plaintiff's Basis of Defective Response**

Defendant denied this request to the extent that it includes the term "near miss," and the June 16, 2016 was not a "near miss" as defined in Plaintiff's request.  The bus that Plaintiff was driving, made contact with a pedestrian.  However, Defendant provided Plaintiff with two prior written warnings for her failure to immediately report an accident and admits that it did not terminate her on either occasion.  Thus, Defendant's response to this request is sufficient.