1  Justin Hewgill, Esq. [S.B. #259528]
2  Dylan Morales, Esq. [S.B. #321202]
   LAW OFFICE OF HEWGILL, COBB & LOCKARD
3  1620 Fifth Avenue, Suite 325
   San Diego, California 92101
4  Telephone: (619) 432-2520
   Facsimile:  (619) 377-6026
5  Justin@HCL-LawFirm.com Dylan@HCL-LawFirm.com

6
   Attorneys for Plaintiff,
7  ALICIA DEL VILLAR

8

9                    UNITED STATES DISTRICT COURT

10                   SOUTHERN DISTRICT OF CALIFORNIA

11

12 | ALICIA DEL VILLAR, an individual, | Case No.: 3:18-cv -01721-W-MDD |
|---|---|
| Plaintiff, | State Action Filed:   May 17, 2018<br>Removal Filed:      July 26, 2018 |
| v. | **DECLARATION OF DYLAN MORALES** |
| TRANSDEV SERVICES, INC., and DOES 1 through 25, Inclusive, | Date:   April 17, 2019<br>Time:<br>Dept.:<br>Judge: Hon. Mitchell D. Dembin |
| Defendants. | |

DECL. OF DYLAN MORALES

# DECLARATION OF DYLAN MORALES

I, DYLAN MORALES, hereby declare and say:

1. If called to testify to the statements set forth in this Declaration, I could and would competently testify thereto since the facts herein set forth are personally known to me to be true.

2. I am an attorney licensed to practice in the state of California in good standing with the state Bar.

3. I am employed by the Law Office of Hewgill, Cobb & Lockard, APC.

4. I represent Ms. Alicia Del Villar, the Plaintiff in the above-titled matter; *Del Villar v. Transdev Services, Inc.*

5. Plaintiff filed her complaint alleging Retaliation and Wrongful Termination in Violation of Public Policy on May 17, 2018, in California State Court. The action was subsequently removed to Federal Court on July 26, 2018.

6. Parties' Scheduling Order was issued on September 30, 2018, with a discovery cut-off date of March 29, 2019.

7. Since the Court's Scheduling Order was issued, Parties have propounded and responded to a first set of written discovery. Also, Plaintiff has meet and conferred with opposing counsel regarding Defendant's insufficient responses to Plaintiff's written discovery requests, set one.

8. Plaintiff was deposed by Defendant on February 22, 2019.

9. Plaintiff was due Defendant's responses to written discovery on February 25, 2019. However, Defendant requested a series of discovery extensions from Plaintiff which resulted in a discovery delay of approximately five-weeks. Plaintiff did not receive Defendant's written discovery responses until April 1, 2019. Defendant's Discovery responses consisted largely of boilerplate objections and non-responsive answers.

10. Parties waited to jointly schedule, and reschedule, the depositions of PMK and Mukai due to Defendant's delayed written discovery responses.

11. Defendant twice rescheduled their taking of Plaintiff's deposition the day of, and the

day prior, to her deposition.

12. On March 6, 2019, Plaintiff sent Defendant a Notice of Deposition of Person(s) Most Knowledgeable to be mutually scheduled by Parties.

13. On March 11, 2019, Plaintiff sent Defendant another Notice of Deposition of Person(s) Most Knowledgeable to be mutually scheduled by Parties; additionally, I asked Defense counsel when Mr. Marcus Mukai would be available to be deposed. Defendant replied stating that she would check to see when their Party's deponents would be available.

14. On March 20, 2019, Plaintiff sent Defendant Notices of Depositions for both Person(s) Most Knowledgeable and Mr. Marcus Mukai because Defendant failed to participate in mutually scheduling the aforementioned depositions for April 12, 2019 and April 11, 2019, respectively.

15. On March 25, 2019, Defendant responded to the Notices of Depositions referenced above in Paragraph 14. Defendant stated that their Person(s) Most Knowledgeable would be available to be deposed on April 24, 2019 and Mr. Marcus Mukai would be available on April 18, 2019.

16. Plaintiff's counsel agreed, in good-faith throughout the aforementioned time period, to mutually schedule both depositions of Person(s) Most Knowledgeable and Mr. Marcus Mukai.

17. At no time did Defendant state, or otherwise represent throughout the entire time period in which Parties were attempting to schedule depositions, that they would refuse to produce deponents for depositions on any of the aforementioned dates.

18. On April 16, 2019, Defendant stated that, because the discovery deadline was March 29, 2019, Defendant would "not be producing any deponents for deposition unless ordered by the Court."

19. Parties attended the Mandatory Settlement Conference in front of the Hon. Mitchell Dembin, on April 17, 2019.

20. On April 17, 2019, Parties met and conferred in person and via telephone to discuss

the depositions of Mr. Marcus Mukai and Person(s) Most Knowledgeable.

21. Parties have not resolved their discovery dispute concerning Plaintiff taking the depositions of Mr. Marcus Mukai and Person(s) Most Knowledgeable.

22. The following information is based upon my personal knowledge. If called upon to do so, I could and would competently testify to the truth of the matters stated herein.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and that this declaration was executed on April 17, 2019, in San Diego, California.

DATED: April 19, 2019                    Respectfully submitted,

                                         LAW OFFICE OF HEWGILL COBB &
                                         LOCKARD

                                         _____
                                                DYLAN MORALES, ESQ.

_____

# EXHIBIT 1

## Subject: Fwd: Devillar v. Transdev, USDC Southern District Case No. 3:18-cv-01721-W-M

 **Justin Hewgill** <justin@hcl-lawfirm.com>
to Dylan Morales

**You are viewing an attached message** Law Office of Hewgill &amp; Cobb Mail can't verify the authenticity of attached

---------- Forwarded message ---------
From: **Thomas Steinhart** <tsteinhart@gleasonfavarote.com>
Date: Mon, Apr 1, 2019 at 8:31 PM
Subject: Devillar v. Transdev, USDC Southern District Case No. 3:18-cv-01721-W-MDD
To: Justin Hewgill (jhewgill@hewgillcobb.com) <jhewgill@hewgillcobb.com>, ecobb@hewgillcobb.com <ecobb@hewgillcobb.com>
Cc: Paul Gleason <pgleason@gleasonfavarote.com>, Torey Favarote <tfavarote@gleasonfavarote.com>, Jing Tong <jtong@gleasonfava

On behalf of Jing Tong, please see the attached discovery responses and the below Dropbox download links to defendant's document pro

TRANSDEV 000001-000428:
https://www.dropbox.com/s/4tidc6w42t83zbz/TRANSDEV%20000001-000428%20%28Delvillar%29.pdf?dl=0

Proof of Service:
https://www.dropbox.com/s/2jl3bcgzer80bob/POS%20re%20TRANSDEV%20000001-000428%20%28Delvillar%29.pdf?dl=0

-------------------------------------------------

**Thomas Steinhart**
**Legal Assistant**
**Gleason & Favarote, LLP**
**4014 Long Beach Blvd., Ste. 300**
**Long Beach, CA 90807**
**(562) 548-6706 Direct dial**
**(562) 548-6700 Ext 1106**
**(562) 216-8495 Fax**
tsteinhart@gleasonfavarote.com



http://www.gleasonfavarote.com

This transmission is intended by the sender and proper recipient(s) to be confidential, intended only for the proper recipient(s) an
applicable law.  If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this mes
notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer.  Receipt by a
applicable privilege.

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S.
written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable sta
matters addressed herein.

# EXHIBIT 2

## Subject: Delvillar v. Transdev: Supplemental responses



**Justin Hewgill** <justin@hcl-lawfirm.com>
to Jing Tong, Dylan Morales, Justin Hewgill, Linda Montemayor, Paul Gleason, Torey Favarote

**You are viewing an attached message** Law Office of Hewgill &amp; Cobb Mail can't verify the authenticity of attached

Jing,

Our office does not have the supplemental responses or the video. Can you please provide electronic supplemental responses and re-sen

Sincerely,
Justin Hewgill

# EXHIBIT 3

## Subject: Delvillar v. Transdev

 **Jing Tong** <jtong@gleasonfavarote.com>
to Justin Hewgill, Paul Gleason, Linda Montemayor, Dylan Morales

**You are viewing an attached message** Law Office of Hewgill &amp; Cobb Mail can't verify the authenticity of attached

Hi Justin,

Attached please find the draft protective order, I noticed that one has not been filed with the court.  The protective order was pulled from th[e] names and I've deleted Exhibit A referenced in the Protective Order (See redline attached).  Let me know your thoughts.

Also, I am compiling the documents in response to the RFP, which are pretty voluminous.  Can we receive another two week extension on[...] provide you with responses before then, and I can e-mail you a copy as well.  Please let me know if you agree to the extension.

Thanks,


Jing Tong
Attorney at Law
GLEASON & FAVAROTE LLP
**4014 Long Beach Blvd., Ste. 300**
**Long Beach, CA 90807**
**(562) 548-6700 Ext. 1108**
**(562) 216-8495 Fax**
**(562) 548-6708 Direct**

[Jtong@gleasonfavarote.com](mailto:Jtong@gleasonfavarote.com)

This transmission is intended by the sender and proper recipient(s) to be confidential, intended only for the proper recipient(s) and may contain information that i[s ...] notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient(s), [...] by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in th[is ...] avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax[...]



**Protective Order.do**

# EXHIBIT 4

## Subject: Fwd: DelVillar v. Transdev Services, Inc.; Plaintiff's Discovery Requests



**Dylan Morales** <dmorales@hewgillcobb.com>
to Dylan Morales

**You are viewing an attached message** Law Office of Hewgill &amp; Cobb Mail can't verify the authenticity of attached

---------- Forwarded message ---------
From: **Justin Hewgill** <jhewgill@hewgillcobb.com>
Date: Wed, Feb 20, 2019 at 12:06 PM
Subject: Fwd: DelVillar v. Transdev Services, Inc.; Plaintiff's Discovery Requests
To: Dylan Morales <dmorales@hewgillcobb.com>

---------- Forwarded message ---------
From: **Justin Hewgill** <jhewgill@hewgillcobb.com>
Date: Wed, Feb 20, 2019 at 12:05 PM
Subject: Re: DelVillar v. Transdev Services, Inc.; Plaintiff's Discovery Requests
To: Jing Tong <jtong@gleasonfavarote.com>
Cc: Paul Gleason <pgleason@gleasonfavarote.com>, Linda Montemayor <lmontemayor@gleasonfavarote.com>

Granted.

J

On Wed, Feb 20, 2019 at 10:23 AM Jing Tong <jtong@gleasonfavarote.com> wrote:

> Hi Justin,
>
> In the Delvillar v. Transdev Services Inc. matter, Defendant's responses to plaintiff's discovery requests, including the Request for Produ
> request a two week extension to serve responses to the above referenced discovery. The date of the responses will then be due March
>
> Thank you,
>
> Jing Tong
> Attorney at Law
> GLEASON & FAVAROTE LLP
> **4014 Long Beach Blvd., Ste. 300**
> **Long Beach, CA 90807**
> **(562) 548-6700 Ext. 1108**
> **(562) 216-8495 Fax**
> **(562) 548-6708 Direct**
>
> **Jtong@gleasonfavarote.com**
>
> This transmission is intended by the sender and proper recipient(s) to be confidential, intended only for the proper recipient(s) and may contain information tha
> you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper re
> computer. Receipt by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.
>
> To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained i
> (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party a