1  PAUL M. GLEASON (SBN: 155569)
   TOREY JOSEPH FAVAROTE (SBN: 198521)
2  JING TONG (SBN: 285061)
   GLEASON & FAVAROTE, LLP
3  4014 LONG BEACH BLVD., STE. 300
   LONG BEACH, CA 90807
4  (213) 452-0510 Telephone
   (213) 452-0514 Facsimile
5  pgleason@gleasonfavarote.com
   tfavarote@gleasonfavarote.com
6  jtong@gleasonfavarote.com

7  Attorneys for Defendant Transdev Services, Inc.

8

9

10            **UNITED STATES DISTRICT COURT**

11          **SOUTHERN DISTRICT OF CALIFORNIA**

12

13
    ALICIA DELVILLAR, an individual,      ) Case No. 3:18-cv-01721-W-MDD
14                                         )
                  Plaintiff,               )
15                                         ) **DECLARATION OF JING TONG IN**
            v.                             ) **SUPPORT OF MOTION**
16                                         ) **REGARDING WRITTEN**
    TRANSDEV SERVICES, INC. and            ) **DISCOVERY**
17  DOES 1 through 25, inclusive,          )
                                           )
18                Defendants.              )
                                           )
19                                         )
                                           ) State Action Filed:  May 17, 2018
20                                         ) Removal Filed:       July 26, 2018
                                           ) Trial Date:          None
21                                         )
                                           )
22                                         )
                                           )
23                                         )
                                           )
24                                         )
                                           )
25  _____       )

26  / / /

27  / / /

28  / / /

I, Jing Tong, declare:

1.     I am a member of the Bar of this Court and one of the attorneys representing defendants Transdev Services, Inc. ("Defendant") in this action.  I make this declaration pertaining to the "Joint Motion for Determination of Discovery Dispute" as it pertains to Plaintiff's request for supplemental responses to the Interrogatories and Request for Admissions.  I have personal knowledge of the facts set forth in this declaration and could and would competently testify to them under oath if called as a witness.

2.     On May 17, 2018, Plaintiff filed her complaint alleging two causes of action: (1) retaliation; and a derivative cause of action for (2) wrongful termination in violation of public policy.

3.     On July 26, 2018, Defendant removed this matter from to state court to federal court.

4.     On or about September 25, 2018 the Joint Discovery Plan was filed.

5.     On October 9, 2018, Defendant served on Plaintiff its Interrogatories and Request for Production of Documents, set one.

6.     On January 22, 2019, Plaintiff served on Defendant her Requests for Admission, Requests for Production of Documents, and Interrogatories, set one. Attached hereto as **Exhibit I** is a true and correct copy of Plaintiff's Interrogatories, set one.

7.     On February 22, 2019, Defendant took Plaintiff's deposition.

8.     On April 10, 2019, Plaintiff's counsel sent a meet and confer letter to further compel Defendant to respond to the Interrogatories, and Request for Admission.   Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's meet and confer letter.

9.     On April 15, 2019, Defendant had a telephone call with Plaintiff's counsel regarding the meet and confer letter and indicated that it would provide supplemental responses to some of the Interrogatories and Request for Admissions.

1.

Plaintiff indicated during the call that he would not confirm or reschedule the depositions until after he received the supplemental responses.

10.   On April 17, 2019, the parties attended a mandatory settlement conference.

11.   On April 18, 2019, Defendant stated that it would provide supplemental responses by April 24, 2019.  Attached hereto as **Exhibit B** is a true and correct copy of the April 18, 2019 e-mail from Defendant.

12.   On April 23, 2019, Defendant served supplemental responses to each interrogatory, and request for admission requested by Plaintiff in the meet and confer letter.  Attached hereto as **Exhibit C** is a true and correct copy of the April 23, 2019 e-mail from Defendant and the attached supplemental responses to the request for admission and the amended supplemental responses to the interrogatories.

13.   On April 23, 2019, Plaintiff sent an e-mail with a draft Joint Motion for Determination of Discovery Dispute regarding Defendant's responses to Written Discovery and for the Deposition of the Person Most Knowledgeable and Marcus Mukai.  Attached hereto as **Exhibit D** is a true and correct copy of the April 23, 2019 e-mails from Plaintiff.

14.   On April 24, 2019, Defendant sent Plaintiff an e-mail indicating that it already provided supplemental responses.  Attached hereto as **Exhibit E** is a true and correct copy of the April 24, 2019 e-mail from Defendant.

15.   Plaintiff indicated in response that "while Plaintiff appreciates the amended responses, some Interrogatories and RFA's remain unresponsive, as noted in the Separate Statement attached to the Joint Motion."  Attached hereto as **Exhibit F** is a true and correct copy of the April 24, 2019 e-mail from Plaintiff.

16.   No phone calls were arranged to further discuss the amended supplemental responses, and Plaintiff has failed to meet and confer pursuant to Civil Chambers Rule IV. A.

17.   On April 29, 2019, Plaintiff's counsel sent an e-mail stating that he

plans on filing the Joint motions and requesting Defendant's response.  Attached hereto as **Exhibit G** is a true and correct copy of the April 29, 2019 e-mail from Plaintiff.

18.   Defense counsel informed Plaintiff's counsel regarding the Civil Chamber rules, and that Plaintiff has not provided Defendant with sufficient time to provide a joint response, or to even meet and confer.  Defendant indicated that it would do its best to provide a joint response to both motions.  Attached hereto as **Exhibit H** is a true and correct copy of the April 29, 2019 e-mail from Defendant.

19.   On April 29, 2019, Defendant filed its Motion for Summary Judgment or in the alternative Motion for Summary Adjudication and the Motion is to be decided on June 10, 2019.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on May 3, 2019, at Long Beach, California.

/s/ Jing Tong
Jing Tong

**DECLARATION OF JING TONG IN SUPPORT OF MOTION REGARDING WRITTEN DISCOVERY**
**USDC CASE NO. 3:18-CV-01721-W-MDD**

**<u>PROOF OF SERVICE</u>**

I, Jing Tong, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Boulevard, Suite 300, Long Beach, CA 90807.

On April 29, 2019, I served a copy(ies) of the following document(s):

**DECLARATION OF JING TONG IN SUPPORT OF MOTION REGARDING WRITTEN DISCOVERY**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| JUSTIN HEWGILL<br>Hewgill, Cobb & Lockard, APC<br>1620 Fifth Avenue, Suite 325<br>San Diego, CA 92101<br>Tel: (619) 880-3791<br>Fax: (619) 377-6026<br>justin@hcl-lawfirm.com | Attorneys for Plaintiff, ALICIA DELVILLAR | CM/ECF |
| ☒ (BY CM/ECF SYSTEM)  I caused the above-referenced document(s) to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case. | | |

I declare that I am a member of the bar of this court. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on April 29, 2019, at Long Beach, California.

/s/ Jing Tong
Jing Tong

# EXHIBIT A



HEWGILL, COBB & LOCKARD, APC
1620 FIFTH AVENUE, SUITE 325
SAN DIEGO, CA 92101
P: (619) 432-2520 | F: (619) 377-6026
HCL-LAWFIRM.COM

**April 10, 2019**

**VIA U.S. MAIL AND EMAIL**
Jing Tong
Gleason & Favarote, LLP
4014 Long Beach Blvd., Suite 300
Long Beach, California 90807
jtong@gleasonfavarote.com

Re:   ***Del Villar v. Transdev Services, Inc.,***
      **USDC Case No.: 3:18-CV-01721-W-MDD**

Dear Ms. Tong:

We are writing to meet and confer with you regarding responses owed by Defendant Transdev Services, Inc. to Plaintiff Ms. Alicia Del Villar: (1) Interrogatories (Set One), served on January 22, 2019; and (2) Request for Admissions (Set One), served on January 22, 2019.

### Interrogatories, Set One

Federal Rule of Civil Procedure § 33(b)(3) requires that each answer in response to an interrogatory be "answered separately and fully in writing under oath."

**Supplemental Response No. 5:**
This interrogatory requests *all* persons who participated in the decision to terminate Plaintiff. Defendant responded by stating "Rene Alvarez and Rodney Lewis participated in the termination" but fail to indicate whether they were the only participants in the decision to terminate Plaintiff's employment. Defendant's response is therefore vague, ambiguous, evasive, and only partially responsive.

**Supplemental Response No. 6:**
This interrogatory requests that Defendant state all facts which support their reasoning for terminating Plaintiff's employment. Defendant responded by identifying a document without actually providing reasons for terminating Plaintiff's employment; Defendant also states that Plaintiff "received two prior written warnings for the same conduct" yet failed to state/define the alleged conduct. Defendant's response is therefore vague, ambiguous, evasive, and only partially responsive, if at all.

**Supplemental Response No. 7:**
This interrogatory requests that Defendant identify, by name, title, and contact information, all persons that witnessed any of the events leading to Plaintiff being terminated. Defendant responded by identifying two documents, a termination letter and

**Jing Tong**
**Gleason & Favarote, LLC**
**Re: Del Villar v. Transdev Services, Inc.**
**April 10, 2019**
**Page 2 of 6**

video; yet failed to identify anyone at all. Defendant's response is therefore vague, ambiguous, evasive, and entirely nonresponsive.

**Supplemental Response No. 10:**

    This interrogatory requests that Defendant state whether and when Plaintiff complained to Defendant regarding wage and hour violations in relation to Defendant's new or proposed bus routes and to identify all documents related to the complaints. Defendant responded by stating, "Plaintiff, along with other committee members, was responsible for reviewing the proposed schedules or runcuts and raised any discrepancies or issues involving the schedules to Defendant"; yet failed to provide any details, dates, or documents as requested. Defendant's response is therefore vague, ambiguous, evasive, and entirely nonresponsive.

**Supplemental Response No. 11:**

    This interrogatory requests that Defendant state whether it investigated any of the complaints of unlawful conduct raised in Interrogatory No. 10 and to identify the investigator's or interviewee's name, job title, and contact information. Defendant's response merely asserts a hypothetical response by describing Plaintiff's role as a Union Steward. Defendant failed to provide any details, dates, or identify anyone as requested and has failed to meet its duty of undertaking reasonable inquiry in its response. Defendant's response is therefore vague, ambiguous, evasive, and entirely nonresponsive.

**Supplemental Response No. 12:**

    This interrogatory requests that Defendant state whether it investigated any of the complaints of unlawful conduct raised in Interrogatory No. 10 and to identify documents by title, date, and author. Defendant responded with a hypothetical in stating, "If, in the runcut committee meeting, Plaintiff or any other member raised issues or concerns with the runcut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law"; yet failed to provide any details, titles, dates, or otherwise identify any document as requested. Defendant failed to meet its duty of undertaking reasonable inquiry in its response. Defendant's response is therefore vague, ambiguous, evasive, and entirely nonresponsive.

**Supplemental Response No. 13:**

    This interrogatory requests that Defendant state whether it investigated any of the complaints of unlawful conduct raised in Interrogatory No. 10 and to describe any responsive action taken in addition to whether Plaintiff was made aware of the responsive action. Defendant responded with a hypothetical in stating, "If, in the runcut committee meeting, Plaintiff or any other member raised issues or concerns with the runcut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law"; yet failed to provide any details or actions as requested. Defendant failed to meet its duty of undertaking reasonable inquiry in its response. Defendant's response is therefore vague, ambiguous, evasive, and entirely nonresponsive.

**Jing Tong**
**Gleason & Favarote, LLC**
**Re: Del Villar v. Transdev Services, Inc.**
**April 10, 2019**
**Page 3 of 6**

<u>**Supplemental Response No. 14:**</u>

This interrogatory requests that Defendant state whether it investigated any of the complaints of unlawful conduct raised in Interrogatory No. 10 and to identify all documents by title, date, and author, relating to any responsive action taken by Defendant. Defendant responded by stating, "If, in the runcut committee meeting, Plaintiff or any other member raised issues or concerns with the runcut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law"; yet failed to provide any details, titles, dates, or otherwise identify any document as requested. Defendant's response is therefore vague, ambiguous, evasive, and entirely nonresponsive.

### Request for Admissions, Set One

Federal Rule of Civil Procedure § 36(a)(1) states that "A party may serve on any other party a written request to admit, for purposes of the pending action, only, the truth of any matters within the scope of Rule 26(b)(1)", Furthermore, FRCP § 36(a)(4) requires that "if a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter". Finally FRCP § 26(g) states "every discovery request, response, or objection must be signed by at least one attorney of record … by signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as of the time it is made; (B) with respect to a discovery request, response, or objection, it is: (i) consistent with these rules and warranted; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

<u>**Request for Admissions No. 2:**</u>

This Request for Admissions asks that Defendant admit, deny, or reasonably state in detail why the Defendant cannot truthfully admit or deny whether the incident on June 16, 2016, was deemed by Defendant to be a non-preventable collision. Defendant responded with boilerplate objections without merit and no further explanation as to why Defendant cannot truthfully provide an admission or denial of the request. Therefore, Defendant's response is nonresponsive to the requested admission.

<u>**Request for Admissions No. 5:**</u>

This Request for Admissions asks that Defendant admit, deny, or reasonably state in detail why the Defendant cannot truthfully admit or deny whether Plaintiff raised concerns regarding wage and hour violations in relation to bus routes in place at the time of Plaintiff's termination as well as proposed routes drafted by Defendant to management level employees between October of 2015 and June of 216. Defendant responded to this request by admitting a hypothetical response in stating that Plaintiff reviewed scheduling/assignment issues as a Union Steward. Defendant has failed to meet its duty of

Jing Tong
Gleason & Favarote, LLC
Re: Del Villar v. Transdev Services, Inc.
April 10, 2019
Page 4 of 6

undertaking reasonable inquiry in its response. Therefore, Defendant's response is
nonresponsive to the requested admission.

**Request for Admissions No. 6:**
      This Request for Admissions asks that Defendant admit, deny, or reasonably state
in detail why the Defendant cannot truthfully admit or deny whether proposed routes
Plaintiff raised concerns about were deemed by Defendant to be in violation of California
law. Defendant responded by stating it denied "to the extent that any issues were brought
up on the schedules or assignments were checked and changed, if necessary". Defendant's
response merely asserts a hypothetical response by stating that scheduling/assignment
issues were reviewed. Defendant has failed to meet its duty of undertaking reasonable
inquiry in its response. Therefore, Defendant's response is nonresponsive to the requested
admission.

**Request for Admissions No. 7:**
      This Request for Admissions asks that Defendant admit, deny, or reasonably state
in detail why the Defendant cannot truthfully admit or deny whether routes in place at the
time of Plaintiff's termination which Plaintiff raised concerns about were deemed by
Defendant to be in violation of California law. Defendant responded by stating it denied
"to the extent that as a Union Steward and as part of the runcut committee, Plaintiff's job
on the runcut committee was to review the schedules or runcuts and raise any issues
involving the schedules to Defendant, and did so as part of her job". Defendant's response
merely asserts a hypothetical response by describes Plaintiff's role as a Union Steward.
Defendant has failed to meet its duty of undertaking reasonable inquiry in its response.
Therefore, Defendant's response is nonresponsive to the requested admission.

**Request for Admissions No. 8:**
      This Request for Admissions asks that Defendant admit, deny, or reasonably state
in detail why the Defendant cannot truthfully admit or deny whether Defendant had
knowledge of Plaintiff's concerns regarding wage and hour violations in relation to bus
routes in place at the time of Plaintiff's termination as well as proposed routes drafted by
Defendant. Defendant responded to this request by admitting a hypothetical response in
stating that Plaintiff reviewed scheduling/assignment issues as a Union Steward. Defendant
has failed to meet its duty of undertaking reasonable inquiry in its response. Therefore,
Defendant's response is nonresponsive to the requested admission.

**Request for Admissions No. 10:**
      This Request for Admissions asks that Defendant admit, deny, or reasonably state
in detail why the Defendant cannot truthfully admit or deny whether Defendant published
or otherwise informed Plaintiff of a company policy during her employment. Defendant
responded by admitting to having another policy which was not the subject of Plaintiff's
request and not stating whether their unrelated policy was in place at the time of Plaintiff's

Jing Tong
Gleason & Favarote, LLC
Re: Del Villar v. Transdev Services, Inc.
April 10, 2019
Page 5 of 6

employment or if the policy was published or otherwise provided to Plaintiff. Therefore, Defendant's response is nonresponsive to the requested admission.

<u>**Request for Admissions No. 11:**</u>

This Request for Admissions asks that Defendant admit, deny, or reasonably state in detail why the Defendant cannot truthfully admit or deny whether Plaintiff was subject to termination pursuant to Defendant's SAFETY POLICIES & PROCEDURES Handbook, 2015, page 43. Defendant stated that it could not admit or deny the Request due to Plaintiff not attaching the book to the Request. Therefore, Plaintiff has attached the aforementioned page from Defendant's SAFETY POLICIES & PROCEDURES Handbook as "Exhibit 1".

<u>**Request for Admissions No. 12:**</u>

This Request for Admissions asks that Defendant admit, deny, or reasonably state in detail why the Defendant cannot truthfully admit or deny whether Defendant always terminates employees for committing terminable infractions pursuant to Defendant's company policies. Defendant responded with boilerplate objections and no further explanation as to why Defendant cannot truthfully provide an admission or denial of the request. Therefore, Defendant's response is nonresponsive to the requested admission.

<u>**Request for Admissions No. 13:**</u>

This Request for Admissions asks that Defendant admit, deny, or reasonably state in detail why the Defendant cannot truthfully admit or deny whether it is against Defendant's company policies for a bus driver to remain parked in front of a driveway for any amount of time longer than necessary to pick up and/or drop off passengers. Defendant responded by admitting to having another policy which was not the subject of Plaintiff's request which stated that "operators will drive safely and defensively at all times in a manner that prevents accidents, injuries, and property damage from occurring". Plaintiff's request did not call for Defendant to admit that they maintained a policy of safe and defensive driving, it called or Defendant to admit or deny whether Defendant had a policy against remaining parked in a driveway for longer than necessary. Therefore, Defendant's response is nonresponsive to the requested admission.

<u>**Request for Admissions No. 15:**</u>

This Request for Admissions asks that Defendant admit, deny, or reasonably state in detail why the Defendant cannot truthfully admit or deny whether Defendant always terminates employees for failing to immediately report a "near miss" pursuant to Defendant's company policies. Defendant responded with boilerplate objections and no further explanation as to why Defendant cannot truthfully provide an admission or denial of the request. Therefore, Defendant's response is nonresponsive to the requested admission.

Jing Tong
**Gleason & Favarote, LLC**
**Re: Del Villar v. Transdev Services, Inc.**
**April 10, 2019**
**Page 6 of 6**

**Request for Admissions No. 17:**

This Request for Admissions asks that Defendant admit, deny, or reasonably state in detail why the Defendant cannot truthfully admit or deny whether Plaintiff raised concerns to Defendant regarding new and/or proposed bus routes within one month of her termination. Defendant's response merely asserts a hypothetical response by describes Plaintiff's role as a Union Steward. Defendant has failed to meet its duty of undertaking reasonable inquiry in its response. Plaintiff's request did not call for Defendant to admit that Plaintiff was a Union Steward, it called or Defendant to admit or deny whether Plaintiff was terminated within one month of raising concerns regarding Defendant's routes. Therefore, Defendant's response is nonresponsive to the requested admission.


Despite repeated promises to produce the outstanding information, you have continued to delay and, to date, Plaintiff has not received substantive responses.

Please respond to this letter and produce documents and responses by no later than close of business on Monday, April 15, 2019.


Very truly yours,


Justin Hewgill, Esq.

# EXHIBIT 1

- Employee driving records will be charged with any accidents determined to be preventable.

- Accidents not cited by law enforcement authorities may still be determined preventable based on Transdev safety standards.

- Employees will be subject to termination following a preventable accident based on the following circumstances:

  (a) Three (3) preventable accidents within the previous 24 floating months
  (b) Accidents involving extreme bodily injury or property damage
  (c) Driving while intoxicated or under the influence of drugs
  (d) Possession of an open container of alcohol
  (e) Homicide, manslaughter or assault arising out of operation of a motor vehicle
  (f) Attempting to elude a police officer
  (g) Failure to stop and report an accident or leaving the scene of an accident

**F.22   Post-accident training will be provided to employees involved in a preventable accident.**

- Post-accident training content will be based on the root cause of the accident.

- Post-accident training will include, at a minimum, one hour of Behind the Wheel instruction.

- A satisfactory final evaluation (SPP 3.4) must be completed before an Operator returns to review service.

- Employees must complete post-accident training prior to returning to driving duties.

43

Rev. 3/1/2015

# EXHIBIT B

**Jing Tong**

| | |
|---|---|
| **From:** | Paul Gleason |
| **Sent:** | Thursday, April 18, 2019 11:19 AM |
| **To:** | Justin Hewgill |
| **Cc:** | Jing Tong |
| **Subject:** | RE: Del Villar v Transdev: Discovery |

Justin:

We will respond to the letter and provide any supplemental responses by 4/24.

Paul

**From:** Justin Hewgill <justin@hcl-lawfirm.com>
**Sent:** Thursday, April 18, 2019 10:31 AM
**To:** Paul Gleason <pgleason@gleasonfavarote.com>; Dylan Morales <dylan@hcl-lawfirm.com>; Jing Tong
<jtong@gleasonfavarote.com>; Adolfo Sanchez <adolfo@hcl-lawfirm.com>
**Subject:** Re: Del Villar v Transdev: Discovery

Paul,

Do you have a timeline for when you will do so?

Sincerely,
Justin

On Thu, Apr 18, 2019 at 10:30 AM Paul Gleason <pgleason@gleasonfavarote.com> wrote:

We will respond to your meet and confer letter and supplement responses where we believe it is necessary.

**From:** Justin Hewgill <justin@hcl-lawfirm.com>
**Sent:** Thursday, April 18, 2019 10:28 AM
**To:** Paul Gleason <pgleason@gleasonfavarote.com>
**Cc:** Dylan Morales <dylan@hcl-lawfirm.com>; Adolfo Sanchez <adolfo@hcl-lawfirm.com>; Yesenia Silva <yesenia@hcl-lawfirm.com>; Jing Tong <jtong@gleasonfavarote.com>
**Subject:** Re: Del Villar v Transdev: Discovery

Paul,

I did not hear back from you on the matter of supplementing responses.


Sincerely,

Justin


On Mon, Apr 15, 2019 at 5:26 PM Paul Gleason <pgleason@gleasonfavarote.com> wrote:

Justin:


We will need some additional time to respond to your meet and confer letter.  We will respond by the end of the day on Wednesday, April 17.


Regards,


Paul


Paul Gleason

Partner

**GLEASON & FAVAROTE, LLP**

4014 Long Beach Blvd., Suite 300

Long Beach, CA 90803

Phone:  (213) 452-0511

Fax:  (213 452-0514



GLEASON & FAVAROTE LLP

http://www.gleasonfavarote.com

This transmission is intended by the sender and proper recipient(s) to be confidential, intended only for the proper recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication  (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Justin Hewgill <justin@hcl-lawfirm.com>
**Sent:** Wednesday, April 10, 2019 5:11 PM
**To:** Jing Tong <jtong@gleasonfavarote.com>
**Cc:** Dylan Morales <dylan@hcl-lawfirm.com>; Paul Gleason <pgleason@gleasonfavarote.com>; Adolfo Sanchez <adolfo@hcl-lawfirm.com>; Yesenia Silva <yesenia@hcl-lawfirm.com>
**Subject:** Del Villar v Transdev: Discovery

Jing,

Please find attached our meet and confer letter regarding Defendants insufficient responses to Plaintiffs first set of written discovery.

We will likely need to move the dates for the coming deposition of Mr. Murikai, and the PNC, as we need some of these questions answered prior to these depositions. Let me know when you are available to talk by phone in the next couple of days. I would like to discuss this as well as stipulating to allow for more time for discovery.

Sincerely,

Justin



**Justin Hewgill**

Partner at Hewgill, Cobb & Lockard, APC

A  1620 Fifth Avenue, Suite 325

P  619-534-6762

E  justin@hcl-lawfirm.com

W  www.hcl-lawfirm.com



**Justin Hewgill**

Partner at Hewgill, Cobb & Lockard, APC

A  1620 Fifth Avenue, Suite 325

P  619-534-6762

E  justin@hcl-lawfirm.com

W  www.hcl-lawfirm.com



**Justin Hewgill**

Partner at Hewgill, Cobb & Lockard, APC

**A**  1620 Fifth Avenue, Suite 325

**P**  619-534-6762   **E**  justin@hcl-lawfirm.com

**W**  www.hcl-lawfirm.com

# EXHIBIT C

## Jing Tong

| | |
|---|---|
| **From:** | Thomas Steinhart |
| **Sent:** | Tuesday, April 23, 2019 6:27 PM |
| **To:** | Justin Hewgill (justin@hcl-lawfirm.com) |
| **Cc:** | Paul Gleason; Jing Tong; Linda Montemayor |
| **Subject:** | Delvillar v. Transdev, USDC, Southern District Case No. 3:18-cv-01721-W-MDD |
| **Attachments:** | 2019-04-23 Def Suppl Resp to Pl RFA, Set 1 (Delvillar).pdf; 2019-04-23 Def Am Suppl Resp to Pl Rogs, Set 1 (Delvillar).pdf |

On behalf of Paul Gleason, please see the attached.

-----------------------------------------------------

**Thomas Steinhart**
**Legal Assistant**
**Gleason & Favarote, LLP**
**4014 Long Beach Blvd., Ste. 300**
**Long Beach, CA 90807**
**(562) 548-6706 Direct dial**
**(562) 548-6700 Ext 1106**
**(562) 216-8495 Fax**
tsteinhart@gleasonfavarote.com



GLEASON & FAVAROTE LLP

http://www.gleasonfavarote.com

This transmission is intended by the sender and proper recipient(s) to be confidential, intended only for the proper recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law.  If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited.  If you receive this message in error, or are not the proper recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer.  Receipt by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

1  PAUL M. GLEASON (SBN: 155569)
   TOREY JOSEPH FAVAROTE (SBN: 198521)
2  JING TONG (SBN: 285061)
   GLEASON & FAVAROTE, LLP
3  4014 LONG BEACH BLVD., STE. 300
   LONG BEACH, CA 90807
4  (213) 452-0510 Telephone
   (213) 452-0514 Facsimile
5  pgleason@gleasonfavarote.com
   tfavarote@gleasonfavarote.com
6  jtong@gleasonfavarote.com

7  Attorneys for Defendant Transdev Services, Inc.

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11

12  ALICIA DELVILLAR, an individual,    ) Case No. 3:18-cv-01721-W-MDD
                                        )
13              Plaintiff,              )
                                        )
14         v.                           ) DEFENDANT TRANSDEV
                                        ) SERVICES, INC.'S SUPPLEMENTAL
15  TRANSDEV SERVICES, INC. and         ) RESPONSES TO PLAINTIFF ALICIA
    DOES 1 through 25, inclusive,       ) DELVILLAR'S REQUEST FOR
16                                      ) ADMISSION, SET ONE
                Defendants.             )
17                                      )
                                        )
18                                      )  State Action Filed:  May 17, 2018
                                        )  Removal Filed:       July 26, 2018
19                                      )  Trial Date:          None
                                        )
20                                      )
                                        )
21  _____)

22  PROPOUNDING PARTY:        Plaintiff, ALICIA DELVILLAR

23  RESPONDING PARTY:         Defendant, TRANSDEV SERVICES, INC.

24  SET NUMBER:               One

25       Pursuant to Federal Rule of Civil Procedure 36, defendant Transdev Services,

26  Inc. (hereinafter "Defendant") provides supplemental responses to plaintiff Alicia

27  Delvillar's (hereinafter "Plaintiff") Request for Admission, Set One, as follows:

28  ///

                                    1.

**PRELIMINARY STATEMENT**

1.     Defendant's responses to Plaintiff's request for admission, set one, are made to the best of Defendant's present knowledge, information and belief.  The responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on the present state of Defendant's recollection, are subject to such refreshing of recollection, and such additional knowledge of fact, as may result from Defendant's further discovery and/or investigation.  Defendant reserves the right to make any use of, or to introduce at any hearing or trial, information and/or documents responsive to the requests discovered subsequent to the date of this response, including, but not limited to, any such documents or information obtained in discovery herein.

2.     Defendant reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, with respect to its responses herein and any document or thing identified or provided in response to these requests.

**GENERAL OBJECTIONS**

Defendant makes the following general objections, whether or not set forth in its responses to each request:

1.     Defendant objects to Plaintiff's requests insofar as they seek information that is protected from disclosure under the attorney-client privilege and/or the attorney work-product doctrine.  Such information and/or documents will not be provided in response to the requests and any inadvertent disclosure or production thereof shall not be deemed to be a waiver of any privilege with respect to such information or documents or of any work-product doctrine which may attach thereto.

2.     Defendant objects to Plaintiff's requests insofar as they seek information that is protected from disclosure by the right to privacy set forth in

2.

1  Article I, Section 1, of the California Constitution, the United States Constitution,
2  federal and state statutes, or the common law.

3       3.    Defendant incorporates by reference each and all of the foregoing
4  general responses and objections into the following enumerated responses and
5  objections to each request.  Without waiving the general objections set forth above,
6  and preserving the same for trial, Defendant responds to the individual requests as
7  follows.

8  ## RESPONSES TO REQUEST FOR ADMISSION

9  ## REQUEST FOR ADMISSION NO. 2:

10      Admit that the INCIDENT ON JUNE 16, 2016 in which Plaintiff was deemed
11  by YOU to be a NON-PREVENTABLE COLLISION".

12      [As used herein, "NON-PREVENTABLE COLLISION" refers to a collision
13  as referred to in YOUR SAFETY POLICIES & PROCEDURES manual, page 3.

14      [As used herein, "INCIDENT ON JUNE 16, 2016" refers to the incident
15  which occurred on JUNE 16, 2016, in which Plaintiff was operating a bus and a
16  pedestrian walked in front of the bus, and the bus nearly made contact with the
17  pedestrian.]

18  ## RESPONSE TO REQUEST FOR ADMISSION NO. 2:

19      Defendant incorporates herein by reference, its preliminary statement and
20  general objections.  Defendant objects that the request is vague and ambiguous as
21  drafted and as to the phrase "in which Plaintiff was deemed by YOU to be NON-
22  PREVENTABLE COLLISION" and "INCIDENT ON JUNE 16, 2016."  Defendant
23  further objects that the request assumes facts not established.  Defendant further
24  objects that the request is not reasonably calculated to lead to the discovery of
25  admissible evidence.  Defendant further objects to this request to the extent that it is
26  overly broad.

27  ## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:

28      Defendant incorporates herein by reference, its preliminary statement and

3.

general objections.  Defendant objects that the request is vague and ambiguous as drafted and as to the phrase "in which Plaintiff was deemed by YOU to be NON-PREVENTABLE COLLISION" and "INCIDENT ON JUNE 16, 2016." Defendant further objects that the request assumes facts not established.  Defendant further objects that the request is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request to the extent that it is overly broad.  Subject to an without waiving the foregoing objections, Defendant responds as follows:  Defendant denies there was an incident on June 16, 2016 in which Plaintiff was operating a bus and a pedestrian walked in front of the bus, and the bus nearly made contact with the pedestrian, which is the definition of "INCIDENT ON JUNE 16, 2016" provided by Plaintiff.  Defendant cannot admit or deny that the INCIDENT ON JUNE 16, 2016 as defined by Plaintiff was deemed to be a NON-PREVENTABLE COLLISION as defined by Plaintiff because the INCIDENT ON JUNE 16, 2016 as defined by Plaintiff did not occur.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the Plaintiff raised CONCERNS about YOUR current and/ or proposed ROUTES to management level employees between October of 2015 and June of 2016 in relation to various wage and hour violations.

[As used herein, "CONCERNS" refer to communications between Plaintiff and Defendant. ROUTES refer to work schedules and assignments for bus drivers.]

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant incorporates herein by reference, its preliminary statement and general objections.  Defendant objects that the request is vague and ambiguous as drafted and as to the phrase "raised CONCERNS" and "various wage and hour violations." Defendant further objects that the request is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects that the request calls for a legal conclusion.  Defendant further objects that the request assumes facts not established.  Defendant further objects to this request to the extent

4.

1  that it is overly broad.  Subject to and without waiving the foregoing objections,
2  Defendant responds as follows: Defendant admits that as a Union Steward and as
3  part of the run-cut committee, Plaintiff's job on the run-cut committee was to review
4  the schedules or run-cuts and raise any issues involving the schedules to Defendant,
5  and did so as part of her job.

6  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

7  Defendant incorporates herein by reference, its preliminary statement and
8  general objections.  Defendant objects that the request is vague and ambiguous as
9  drafted and as to the phrase "raised CONCERNS" and "various wage and hour
10  violations." Defendant further objects that the request is not reasonably calculated to
11  lead to the discovery of admissible evidence.  Defendant further objects that the
12  request calls for a legal conclusion.  Defendant further objects that the request
13  assumes facts not established.  Defendant further objects to this request to the extent
14  that it is overly broad.  Subject to and without waiving the foregoing objections,
15  Defendant responds as follows: Defendant admits Plaintiff raised issues concerning
16  paddles to Defendant in her role as a Union Steward and as part of the run-cut
17  committee.  Plaintiff's job as Union Steward and as a member of the run-cut
18  committee was to review the schedules or run-cuts and raise any issues involving the
19  schedules to Defendant.  Except as expressly admitted in this response, Defendant
20  denies Request for Admission ("RFA") 5 in its entirety.

21  **REQUEST FOR ADMISSION NO. 6:**

22  Admit that the proposed ROUTES Plaintiff raised CONCERNS about were
23  deemed by YOU to be in violation of California law.

24  [As used herein, "CONCERNS" refer to communications between Plaintiff
25  and Defendant. ROUTES refer to work schedules and assignments for bus drivers.]

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

27  Defendant incorporates herein by reference, its preliminary statement and
28  general objections.  Defendant objects that the request is vague and ambiguous as

5.

1   drafted and as to the phrase "raised CONCERNS" and "violation of California law."

2   Defendant further objects that the request is not reasonably calculated to lead to the

3   discovery of admissible evidence.   Defendant further objects that the request

4   assumes facts not established. Defendant further objects that the request calls for a

5   legal conclusion. Defendant further objects to this request to the extent that it is

6   overly broad.  Subject to and without waiving the foregoing objections, Defendant

7   responds as follows: Deny to the extent that any issues that were brought up on the

8   schedules or assignments were checked and changed, if necessary.

9   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

10       Defendant incorporates herein by reference, its preliminary statement and

11   general objections. Defendant objects that the request is vague and ambiguous as

12   drafted and as to the phrase "raised CONCERNS" and "violation of California law."

13   Defendant further objects that the request is not reasonably calculated to lead to the

14   discovery of admissible evidence.   Defendant further objects that the request

15   assumes facts not established. Defendant further objects that the request calls for a

16   legal conclusion. Defendant further objects to this request to the extent that it is

17   overly broad.  Subject to and without waiving the foregoing objections, Defendant

18   responds as follows: Defendant admits that it made adjustments to its paddles,

19   including adding second meal periods, in response to Plaintiff's emails dated May

20   29, 2016 and June 5, 2016 and Claudia Valley's email dated June 2, 2016, which

21   Plaintiff and Ms. Valley prepared in their roles as Union Stewards and members of

22   the run-cut committee. Plaintiff's job as Union Steward and as a member of the run-

23   cut committee was to review the schedules or run-cuts and raise any issues involving

24   the schedules to Defendant. Except as expressly admitted in this response, Defendant

25   denies RFA 6 in its entirety.

26   **REQUEST FOR ADMISSION NO. 7:**

27       Admit that the CURRENT ROUTES Plaintiff raised CONCERNS to YOU

28   about were deemed by YOU to be in violation of California law.

6.

DEFENDANT TRANSDEV SERVICES, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF ALICIA
DELVILLAR'S REQUEST FOR ADMISSION, SET ONE
CASE NO. 3:18-CV-01721-W-MDD

[As used herein, "CURRENT" refers to ROUTES put in place at or around the time of Plaintiff's termination. "CONCERNS" refer to communications between Plaintiff and Defendant. "ROUTES" refer to work schedules and assignments for bus drivers.]

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects that the request is vague and ambiguous as drafted and as to the phrase "raised CONCERNS" and "violation of California law." Defendant further objects that the request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that the request assumes facts not established. Defendant further objects that the request calls for a legal conclusion. Defendant further objects to this request to the extent that it is overly broad. Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny to the extent that as a Union Steward and as part of the run-cut committee, Plaintiff's job on the run-cut committee was to review the schedules or run-cuts and raise any issues involving the schedules to Defendant, and did so as part of her job.

**SUPPLMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects that the request is vague and ambiguous as drafted and as to the phrase "raised CONCERNS" and "violation of California law." Defendant further objects that the request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that the request assumes facts not established. Defendant further objects that the request calls for a legal conclusion. Defendant further objects to this request to the extent that it is overly broad. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that it made adjustments to its paddles, including adding second meal periods, in response to Plaintiff's emails dated May

29, 2016 and June 5, 2016 and Claudia Valley's email dated June 2, 2016, which Plaintiff and Ms. Valley prepared in their roles as Union Stewards and members of the run-cut committee. Plaintiff's job as Union Steward and as a member of the run-cut committee was to review the schedules or run-cuts and raise any issues involving the schedules to Defendant.   Except as expressly admitted in this response, Defendant denies RFA 7 in its entirety.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU had knowledge of Plaintiff's CONCERNS regarding the current and/ or proposed ROUTES YOU drafted in relation to various wage and hour violations.

[As used herein, "CONCERNS" refer to communications between Plaintiff and Defendant. ROUTES refer to work schedules and assignments for bus drivers.]

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendant incorporates herein by reference, its preliminary statement and general objections.  Defendant objects that the request is vague and ambiguous as drafted and as to the phrase "current and/or proposed," "knowledge of Plaintiff's CONCERNS" and "wage and hour violations."  Defendant further objects that the request assumes facts not established. Defendant further objects that the request is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request to the extent that it is overly broad.  Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that as a Union Steward and as part of the run-cut committee, Plaintiff's job on the run-cut committee was to review the schedules or run-cuts and raise any issues involving the schedules to Defendant, and did so as part of her job.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendant incorporates herein by reference, its preliminary statement and general objections.  Defendant objects that the request is vague and ambiguous as drafted and as to the phrase "current and/or proposed," "knowledge of Plaintiff's

8.

CONCERNS" and "wage and hour violations." Defendant further objects that the request assumes facts not established. Defendant further objects that the request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that it is overly broad. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits it received emails from Plaintiff addressing concerns with paddles, which Plaintiff prepared in her role as Union Steward and as a member of the run-cut committee. Defendant also had discussions with Plaintiff and other Union Stewards, members of the run-cut committee, and Union representatives about concerns with paddles. Plaintiff's job as Union Steward and as a member of the run-cut committee was to review the schedules or run-cuts and raise any issues involving the schedules to Defendant. Except as expressly admitted in this response, Defendant denies RFA 8 in its entirety.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU at no time published or otherwise informed Plaintiff of YOUR alleged POLICY prior to the INCIDENT ON JUNE 16, 2016.

[As used herein, "POLICY" refers to any rules and/ or procedures which require Bus Drivers to immediately report to YOUR dispatchers in the event that a pedestrian(s) comes within three feet of a bus's forward path while the bus is being operated regardless of whether or not there is contact between the bus and the pedestrian because the pedestrian's conduct may constitute a suicide attempt.]

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects that the request is vague and ambiguous as drafted and as drafted and as to the phrase "alleged POLICY," "published or otherwise informed," and "INCIDENT ON JUNE 16, 2016." Defendant further objects that the request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that the request assumes facts not

9.

1   established.  Defendant further objects to this request to the extent that it is overly

2   broad.  Subject to and without waiving the foregoing objections, Defendant responds

3   as follows: Defendant admits that it has a policy that an "employee's failure to report

4   a hazardous situation, accident, or injury immediately to the dispatcher or

5   supervisor," is "considered [a] Serious Infraction[] and shall be just cause for

6   immediately discharge of the employee."

7   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

8          Defendant incorporates herein by reference, its preliminary statement and

9   general objections.  Defendant objects that the request is vague and ambiguous as

10  drafted and as drafted and as to the phrase "alleged POLICY," "published or

11  otherwise informed," and "INCIDENT ON JUNE 16, 2016."  Defendant further

12  objects that the request is not reasonably calculated to lead to the discovery of

13  admissible evidence.  Defendant further objects that the request assumes facts not

14  established.  Defendant further objects to this request to the extent that it is overly

15  broad.  Subject to and without waiving the foregoing objections, Defendant responds

16  as follows: Defendant denies that it maintains a policy as defined by Plaintiff in this

17  RFA.  Defendant maintains a written policy called "Transdev Services Inc. Safety

18  Policy and Procedures," which provides, in part, that "Transdev employees are

19  required to report any injury or accident, regardless of severity, immediately after the

20  occurrence" and "Employees that do not report and accident immediately will rest in

21  disciplinary action up to and including termination."  Defendant denies that Plaintiff

22  was not aware of this policy.  Plaintiff's employment with Defendant was also

23  governed by a collective bargaining agreement ("CBA") between Defendant and

24  Teamsters Local 683 that provides, in part, that "Failure to report a hazardous

25  situation, accident or injury immediately to the dispatcher or supervisor" is a "serious

26  infraction" and "shall be just cause for immediate discharge of the employee."

27  Defendant denies that Plaintiff was not aware of this provision of the CBA.

28  / / /

**REQUEST FOR ADMISSION NO. 11:**

Admit that Plaintiff did not commit a "TERMINABLE INFRACTION" in relation to the INCIDENT ON JUNE 16, 2016.

[As used herein, "TERMINABLE INFRACTION" refers to the list of offenses as defined in Plaintiff's Employee Handbook, page 43.]

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects that the request is vague and ambiguous as drafted and as to the phrase "TERMINABLE INFRACTION" and "INCIDENT ON JUNE 16, 2016." Defendant further objects that the request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that it is overly broad. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have sufficient information to admit or deny this request because Plaintiff has not attached the version of the Employee Handbook referenced in her request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects that the request is vague and ambiguous as drafted and as to the phrase "TERMINABLE INFRACTION" and "INCIDENT ON JUNE 16, 2016." Defendant further objects that the request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that it is overly broad. Subject to and without waiving the foregoing objections, Defendant responds as follows: Denied. Based on "Transdev Services Inc. Safety Policy and Procedures," which provides, in part, that "Transdev employees are required to report any injury or accident, regardless of severity, immediately after the occurrence" and "Employees that do not report and accident immediately will rest in disciplinary action up to and including termination," Plaintiff committed a terminable infraction when she failed to

11.

1   immediately report the incident on June 16, 2016.  Defendant also denies that page

2   43 of the Transdev Services Inc. Safety Policy and Procedures is applicable to this

3   matter.

4   **REQUEST FOR ADMISSION NO. 12:**

5       Admit that YOU do not always terminate YOUR employees who have

6   committed a "TERMINABLE INFRACTION".

7       [As used herein, "TERMINABLE INFRACTION" refers to the list of offenses

8   as defined in Plaintiff's Employee Handbook, page 43.]

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

10      Defendant incorporates herein by reference, its preliminary statement and

11  general objections.  Defendant objects that the request is vague and ambiguous as

12  drafted and to the phrase "always terminate," and " committed a TERMINABLE

13  INFRACTION."    Defendant further objects that the request is not reasonably

14  calculated to lead to the discovery of admissible evidence. Defendant further objects

15  to this request to the extent that it is overly broad.  Defendant further objects to the

16  extent that this request seeks information protected from disclosure by the right to

17  privacy contained in Article I, Section 1 of the California Constitution.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

19      Defendant incorporates herein by reference, its preliminary statement and

20  general objections.  Defendant objects that the request is vague and ambiguous as

21  drafted and to the phrase "always terminate," and " committed a TERMINABLE

22  INFRACTION." Defendant further objects that the request is not reasonably

23  calculated to lead to the discovery of admissible evidence. Defendant further objects

24  to this request to the extent that it is overly broad.  Defendant further objects to the

25  extent that this request seeks information protected from disclosure by the right to

26  privacy contained in Article I, Section 1 of the California Constitution.  Subject to

27  and without waiving the foregoing objections, Defendant responds as follows:

28  Defendant denies that page 43 of Transdev Services Inc. Safety Policy and

1   Procedures is applicable to this matter.  Defendant did provide Plaintiff with two

2   prior written warnings when she failed to immediately report an accident and admits

3   that it did not terminate Plaintiff on the two prior occasions.

4   **REQUEST FOR ADMISSION NO. 13:**

5        Admit that it is against YOUR policy for OPERATORS to remain parked in

6   front of a driveway for any amount of time longer than necessary to pick up and/ or

7   drop off passengers.

8        [As used herein, "OPERATORS" refer to the job description of YOUR bus

9   drivers.]

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

11       Defendant incorporates herein by reference, its preliminary statement and

12  general objections.  Defendant objects that the request is vague and ambiguous as

13  drafted and as to the phrase "time longer than necessary" and the term "policy."

14  Defendant further objects that the request is not reasonably calculated to lead to the

15  discovery of admissible evidence.    Defendant further objects to this request to the

16  extent that it is overly broad.   Subject to and without waiving the foregoing

17  objections, Defendant responds as follows:  Defendant admits it has a policy that

18  "operators will drive safely and defensively at all times and in a manner that prevents

19  accidents, injuries, and property damages from occurring."

20  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

21       Defendant incorporates herein by reference, its preliminary statement and

22  general objections.  Defendant objects that the request is vague and ambiguous as

23  drafted and as to the phrase "time longer than necessary" and the term "policy."

24  Defendant further objects that the request is not reasonably calculated to lead to the

25  discovery of admissible evidence.    Defendant further objects to this request to the

26  extent that it is overly broad.   Subject to and without waiving the foregoing

27  objections, Defendant responds as follows:  Deny.

28  **REQUEST FOR ADMISSION NO. 15:**

1    Admit that YOU have not terminated every OPERATOR who has failed to

2    IMMEDIATELY report a NEAR MISS to YOUR dispatch during the past five year.

3    [As used herein, "OPERATORS" refer to the job description of YOUR bus

4    drivers. "NEAR MISS" refers to all non-contact events in which a pedestrian comes

5    within three feet of the bus's forward path while in operation.

6    As used herein, "IMMEDIATELY" means 55 seconds or less.]

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

8    Defendant incorporates herein by reference, its preliminary statement and

9    general objections. Defendant objects that the request is vague and ambiguous as

10    drafted and as to the phrase "NEAR MISS" and "IMMEDIATELY." Defendant

11    further objects that the request is not reasonably calculated to lead to the discovery of

12    admissible evidence. Defendant further objects to this request to the extent that it is

13    overly broad. Defendant further objects to the extent that this request seeks

14    information protected from disclosure by the right to privacy contained in Article I,

15    Section 1 of the California Constitution.

16    **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

17    Defendant incorporates herein by reference, its preliminary statement and

18    general objections. Defendant objects that the request is vague and ambiguous as

19    drafted and as to the phrase "NEAR MISS" and "IMMEDIATELY." Defendant

20    further objects that the request is not reasonably calculated to lead to the discovery of

21    admissible evidence. Defendant further objects to this request to the extent that it is

22    overly broad. Defendant further objects to the extent that this request seeks

23    information protected from disclosure by the right to privacy contained in Article I,

24    Section 1 of the California Constitution. Subject to and without waiving the

25    foregoing objections, Defendant responds as follows: Defendant denies that the

26    incident herein was a "near miss" as defined by Plaintiff. Defendant provided

27    Plaintiff with two prior written warnings for her failure to immediately report, and

28    admits that it did not terminate her on either occasion.

14.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Plaintiff raised CONCERNS to YOU regarding the new and/ or proposed ROUTES within one month of her termination.

[As used herein, "CONCERNS" refer to communications between Plaintiff and Defendant. ROUTES refer to work schedules and assignments for bus drivers.]

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects that the request is vague and ambiguous as drafted and as to the phrase "raised CONCERNS." Defendant further objects that the request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that it is overly broad. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that as a Union Steward and as part of the run-cut committee, Plaintiff's job on the run-cut committee was to review the schedules or run-cuts and raise any issues involving the schedules to Defendant, and did so as part of her job.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects that the request is vague and ambiguous as drafted and as to the phrase "raised CONCERNS." Defendant further objects that the request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that it is overly broad. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that Plaintiff raised concerns about the paddles within one month of the termination of her employment in her capacity as a Union Steward and as part of the run-cut committee, because Plaintiff's job on the run-cut committee was to review the schedules or run-cuts and raise any issues involving the schedules to Defendant, and did so as part of her job.

15.

DATED:  April 23, 2019

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON
TOREY JOSEPH FAVAROTE
JING TONG


By _____
                    Jing Tong

Attorneys for Defendant Transdev
Services, Inc.

16.

## PROOF OF SERVICE

I, Thomas Steinhart, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, CA 90807.

On April 23, 2019, I served a copy(ies) of the following document(s): **DEFENDANT TRANSDEV SERVICES, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF ALICIA DELVILLAR'S REQUEST FOR ADMISSION, SET ONE** on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| JUSTIN HEWGILL<br>Hewgill, Cobb & Lockard, APC<br>1620 Fifth Avenue, Suite 325<br>San Diego, CA 92101<br>Tel: (619) 880-3791<br>Fax: (619) 377-6026<br>justin@hcl-lawfirm.com | Attorneys for Plaintiff, ALICIA DELVILLAR | First Class Mail and Email |

☒ **[BY MAIL]** I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐ **[BY OVERNIGHT COURIER]** I caused the sealed envelope(s) to be delivered by a commercial courier service for overnight delivery to the offices of the addressee(s).

☐ **[BY HAND]** I directed the sealed envelope(s) to the party(ies) so designated on the service list to be delivered by Ace Attorney Service, Inc. this date.

☒ **[BY ELECTRONIC TRANSMISSION]** I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above.

I declare under penalty of perjury under the laws of the United States that the above is true and correct, and that this declaration was executed on April 23, 2019, at Long Beach, California.

_____
Thomas Steinhart

1  PAUL M. GLEASON (SBN: 155569)
   TOREY JOSEPH FAVAROTE (SBN: 198521)
2  JING TONG (SBN: 285061)
   GLEASON & FAVAROTE, LLP
3  4014 LONG BEACH BLVD., STE. 300
   LONG BEACH, CA 90807
4  (213) 452-0510 Telephone
   (213) 452-0514 Facsimile
5  pgleason@gleasonfavarote.com
   tfavarote@gleasonfavarote.com
6  jtong@gleasonfavarote.com

7  Attorneys for Defendant Transdev Services, Inc.

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11
   ALICIA DELVILLAR, an individual,      ) Case No. 3:18-cv-01721-W-MDD
12                                        )
                Plaintiff,                )
13                                        )
        v.                                ) DEFENDANT TRANSDEV
14                                        ) SERVICES, INC.'S AMENDED
   TRANSDEV SERVICES, INC. and           ) SUPPLEMENTAL RESPONSES TO
15 DOES 1 through 25, inclusive,          ) PLAINTIFF ALICIA DELVILLAR'S
                                          ) INTERROGATORIES, SET ONE
16              Defendants.               )
                                          )
17                                        )
                                          )
18                                        ) State Action Filed: May 17, 2018
                                          ) Removal Filed:      July 26, 2018
19                                        ) Trial Date:         None
                                          )
20                                        )
                                          )
21 _____ )

22 **PROPOUNDING PARTY:**      Plaintiff, ALICIA DELVILLAR

23 **RESPONDING PARTY:**       Defendant, TRANSDEV SERVICES, INC.

24 **SET NUMBER:**             One

25       Pursuant to Federal Rule of Civil Procedure 33, defendant Transdev Services,

26 Inc. (hereinafter "Defendant") hereby provides amended supplemental responses to

27 plaintiff Alicia Delvillar's (hereinafter "Plaintiff") First Set of Interrogatories as

28 follows:

## PRELIMINARY STATEMENT

1.     Defendant's responses to Plaintiff's First Set of Interrogatories ("interrogatories"), are made to the best of Defendant's present knowledge, information and belief.  The responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on the present state of Defendant's recollection, are subject to such refreshing of recollection, and such additional knowledge of fact, as may result from Defendant's further discovery and/or investigation.  Defendant reserves the right to make any use of, or to introduce at any hearing or trial, information and/or documents responsive to the interrogatories discovered subsequent to the date of this response, including, but not limited to, any such documents or information obtained in discovery herein.

2.     Defendant reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, with respect to its responses herein and any document or thing identified or provided in response to the interrogatories.

3.     Defendant reserves the right to object on any ground at any time to such other or interrogatories as Plaintiff may at any time propound involving or relating to the subject matter of the interrogatories.

## GENERAL OBJECTIONS

Defendant makes the following general objections, whether or not set forth in its wresponses to each interrogatory:

1.     Defendant objects to Plaintiff's interrogatories insofar as they seek information that is protected from disclosure under the attorney-client privilege and/or the attorney work-product doctrine.  Such information and/or documents will not be provided in response to the interrogatories and any inadvertent disclosure or production thereof shall not be deemed to be a waiver of any privilege with respect

2.

1    to such information or documents or of any work-product doctrine which may attach

2    thereto.

3        2.    Defendant objects to Plaintiff's interrogatories insofar as they seek

4    information that is protected from disclosure by the right to privacy set forth in

5    Article I, Section 1, of the California Constitution, the United States Constitution,

6    federal and state statutes, or the common law.

7        3.    Defendant incorporates by reference each and all of the foregoing

8    general responses and objections into the following enumerated responses and

9    objections to each interrogatory.  Without waiving the general objections set forth

10   above, and preserving the same for trial, Defendant responds to the individual

11   interrogatory as follows.

12   **AMENDED SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

13   **INTERROGATORY NO. 5:**

14       If YOU contend that PLAINTIFF was TERMINATED, please identify all

15   PERSONS who participated in the decision to TERMINATE PLAINTIFF.

16   **RESPONSE TO INTERROGATORY NO. 5:**

17       Defendant incorporates herein by reference, its preliminary statement and

18   general objections. Defendant objects to this interrogatory on the basis that the terms

19   "contend," "participated in," "TERMINATED" and "TERMINATE" contained

20   therein are vague and ambiguous. Defendant further objects to this interrogatory on

21   the basis that it seeks information about current or former and/or former employees

22   that is protected from disclosure under the right to privacy set forth in the United

23   States Constitution, federal and state statutes, or the common law. Defendant further

24   objects to this interrogatory to the extent that it seeks information that is not

25   reasonably calculated to lead to the discovery of admissible evidence. Defendant

26   further objects to this interrogatory to the extent that it requests information

27   protected from disclosure by the attorney-client privilege and/or the attorney work-

28   product doctrine. Defendant further objects to this interrogatory to the extent that it

1  is overly broad and unduly burdensome.

2  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

3  Defendant incorporates herein by reference, its preliminary statement and

4  general objections. Defendant objects to this interrogatory on the basis that the terms

5  "contend," "participated in," "TERMINATED" and "TERMINATE" contained

6  therein are vague and ambiguous. Defendant further objects to this interrogatory on

7  the basis that it seeks information about current or former and/or former employees

8  that is protected from disclosure under the right to privacy set forth in the United

9  States Constitution, federal and state statutes, or the common law. Defendant further

10  objects to this interrogatory to the extent that it seeks information that is not

11  reasonably calculated to lead to the discovery of admissible evidence. Defendant

12  further objects to this interrogatory to the extent that it requests information

13  protected from disclosure by the attorney-client privilege and/or the attorney work-

14  product doctrine. Defendant further objects to this interrogatory to the extent that it

15  is overly broad and unduly burdensome.  Subject to and without waiving the

16  foregoing objections, Defendant responds as follows: Plaintiff's employment with

17  Defendant was terminated on June 24, 2016 for the reasons stated in its Notice to

18  Employee as to Change in Relationship for Plaintiff. Defendant was also aware at

19  the time of termination that Plaintiff received two prior written warnings for the

20  same conduct. Rene Alvarez and Rodney Lewis participated in the termination.

21  Discovery and investigation is continuing and ongoing and Defendant reserves the

22  right to supplement this response at a later time.

23  **AMENDED SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

24  Defendant incorporates herein by reference, its preliminary statement and

25  general objections. Defendant objects to this interrogatory on the basis that the terms

26  "contend," "participated in," "TERMINATED" and "TERMINATE" contained

27  therein are vague and ambiguous. Defendant further objects to this interrogatory on

28  the basis that it seeks information about current or former and/or former employees

4.

1    that is protected from disclosure under the right to privacy set forth in the United
2    States Constitution, federal and state statutes, or the common law. Defendant further
3    objects to this interrogatory to the extent that it seeks information that is not
4    reasonably calculated to lead to the discovery of admissible evidence. Defendant
5    further objects to this interrogatory to the extent that it requests information
6    protected from disclosure by the attorney-client privilege and/or the attorney work-
7    product doctrine. Defendant further objects to this interrogatory to the extent that it
8    is overly broad and unduly burdensome.    Subject to and without waiving the
9    foregoing objections, Defendant responds as follows: Rene Alvarez, Rodney Lewis,
10   Maria Moncada and Greg Wagner.  Discovery and investigation is continuing and
11   ongoing and Defendant reserves the right to supplement this response at a later time.
12   **INTERROGATORY NO. 6:**
13        If YOU contend that PLAINTIFF was TERMINATED, please state all facts
14   which support YOUR reason for TERMINATING PLAINTIFF.
15   **RESPONSE TO INTERROGATORY NO. 6:**
16        Defendant incorporates herein by reference, its preliminary statement and
17   general objections. Defendant objects to this interrogatory on the basis that the terms
18   "contend," "TERMINATED" and "TERMINATING" contained therein are vague
19   and ambiguous. Defendant further objects to this interrogatory to the extent that it
20   seeks information that is not reasonably calculated to lead to the discovery of
21   admissible evidence. Defendant further objects to this interrogatory to the extent that
22   it requests information protected from disclosure by the attorney-client privilege
23   and/or the attorney work-product doctrine. Defendant further objects to this
24   interrogatory to the extent that it is overly broad and unduly burdensome.
25   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**
26        Defendant incorporates herein by reference, its preliminary statement and
27   general objections. Defendant objects to this interrogatory on the basis that the terms
28   "contend," "TERMINATED" and "TERMINATING" contained therein are vague

1  and ambiguous.  Defendant further objects to this interrogatory to the extent that it
2  seeks information that is not reasonably calculated to lead to the discovery of
3  admissible evidence. Defendant further objects to this interrogatory to the extent that
4  it requests information protected from disclosure by the attorney-client privilege
5  and/or the attorney work-product doctrine. Defendant further objects to this
6  interrogatory to the extent that it is overly broad and unduly burdensome.  Subject to
7  and without waiving the foregoing objections, Defendant responds as follows:
8  Plaintiff's employment with Defendant was terminated on June 24, 2016 for the
9  reasons stated in its Notice to Employee as to Change in Relationship for Plaintiff
10  signed by Rene Alvarez on June 24, 2016.  Defendant was also aware at the time of
11  termination that Plaintiff received two prior written warnings for the same conduct.
12  Plaintiff was informed that her "failure to comply with the company rules, policies
13  and/or procedures outlined in the CBA and/or Transdev's Employee Handbook
14  might result in further disciplinary action and/or termination of employment."
15  Discovery and investigation is continuing and ongoing and Defendant reserves the
16  right to supplement this response at a later time.

17  **AMENDED SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

18  Defendant incorporates herein by reference, its preliminary statement and
19  general objections. Defendant objects to this interrogatory on the basis that the terms
20  "contend," "TERMINATED" and "TERMINATING" contained therein are vague
21  and ambiguous. Defendant further objects to this interrogatory to the extent that it
22  seeks information that is not reasonably calculated to lead to the discovery of
23  admissible evidence. Defendant further objects to this interrogatory to the extent that
24  it requests information protected from disclosure by the attorney-client privilege
25  and/or the attorney work-product doctrine. Defendant further objects to this
26  interrogatory to the extent that it is overly broad and unduly burdensome.  Subject to
27  and without waiving the foregoing objections, Defendant responds as follows:
28  Plaintiff's employment with Defendant was terminated on June 24, 2016 for the

1  reasons stated in its Notice to Employee as to Change in Relationship for Plaintiff
2  signed by Rene Alvarez on June 24, 2016, a true and correct copy of which is
3  attached hereto as Exhibit A and incorporated in this response by this reference.
4  Defendant was also aware at the time of termination that Plaintiff received two prior
5  written warnings for the same conduct, true and correct copies of which are attached
6  hereto as Exhibits B and C, which are incorporated in this response by this reference.
7  Plaintiff was informed that her "failure to comply with the company rules, policies
8  and/or procedures outlined in the CBA and/or Transdev's Employee Handbook
9  might result in further disciplinary action and/or termination of employment."
10  Discovery and investigation is continuing and ongoing and Defendant reserves the
11  right to supplement this response at a later time.

12  **INTERROGATORY NO. 7:**

13      If YOU contend that PLAINTIFF was TERMINATED, please identify, by
14  name, title, and contact information, all PERSONS that who witnessed any of the
15  events leading to PLAINTIFF being TERMINATED, or who has any information
16  regarding any of the all facts which support YOUR reason for TERMINATING
17  PLAINTIFF.

18  **RESPONSE TO INTERROGATORY NO. 7:**

19      Defendant incorporates herein by reference, its preliminary statement and
20  general objections.  Defendant objects to this interrogatory on the basis that the
21  phrase "witnessed any of the events," and the terms "contend," "TERMINATED"
22  and "TERMINATING" contained therein are vague and ambiguous.  Defendant
23  further objects to this interrogatory on the basis that it seeks information about
24  current or former and/or former employees that is protected from disclosure under
25  the right to privacy set forth in the United States Constitution, federal and state
26  statutes, or the common law.  Defendant further objects to this interrogatory to the
27  extent that it seeks information that is not reasonably calculated to lead to the
28  discovery of admissible evidence.  Defendant further objects to this interrogatory to

1  the extent that it requests information protected from disclosure by the attorney-
2  client privilege and/or the attorney work-product doctrine.  Defendant further objects
3  to this interrogatory to the extent that it is overly broad and unduly burdensome.
4  Defendant objects that this interrogatory is compound.

5  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

6        Defendant incorporates herein by reference, its preliminary statement and
7  general objections.  Defendant objects to this interrogatory on the basis that the
8  phrase "witnessed any of the events," and the terms "contend," "TERMINATED"
9  and "TERMINATING" contained therein are vague and ambiguous.  Defendant
10  further objects to this interrogatory on the basis that it seeks information about
11  current or former and/or former employees that is protected from disclosure under
12  the right to privacy set forth in the United States Constitution, federal and state
13  statutes, or the common law.  Defendant further objects to this interrogatory to the
14  extent that it seeks information that is not reasonably calculated to lead to the
15  discovery of admissible evidence.  Defendant further objects to this interrogatory to
16  the extent that it requests information protected from disclosure by the attorney-
17  client privilege and/or the attorney work-product doctrine.  Defendant further objects
18  to this interrogatory to the extent that it is overly broad and unduly burdensome.
19  Defendant objects that this interrogatory is compound. Subject to and without
20  waiving the foregoing objections, Defendant responds as follows: Plaintiff's
21  employment with Defendant was terminated on June 24, 2016 for the reasons stated
22  in its Notice to Employee as to Change in Relationship for Plaintiff signed by Rene
23  Alvarez on June 24, 2016.  Defendant was also aware at the time of termination that
24  Plaintiff received two prior written warnings for the same conduct.  Defendant has
25  produced the video of the incident.  Discovery and investigation is continuing and
26  ongoing and Defendant reserves the right to supplement this response at a later time.

27  **AMENDED SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

28        Defendant incorporates herein by reference, its preliminary statement and

general objections.  Defendant objects to this interrogatory on the basis that the phrase "witnessed any of the events," and the terms "contend," "TERMINATED" and "TERMINATING" contained therein are vague and ambiguous.  Defendant further objects to this interrogatory on the basis that it seeks information about current or former and/or former employees that is protected from disclosure under the right to privacy set forth in the United States Constitution, federal and state statutes, or the common law.  Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory to the extent that it requests information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome.  Defendant objects that this interrogatory is compound.  Subject to and without waiving the foregoing objections, Defendant responds as follows: Rene Alvarez, Rodney Lewis, Maria Moncada, Greg Wagner, Brenda Jones, Arthur Santos, Juan Silva, Blake Queen, Arlett Rincon, Marcus Mukai, Brenda Perez, Susy Yepez, Michael Clark, and Victor Garcia-Machuca.  One or more union representatives and/or shop stewards were present at meetings on June 17, 2016, June 22, 2016 and June 24, 2016.  Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time.

**INTERROGATORY NO. 10:**

Did the PLAINTIFF complain to YOU about proposed or actual ROUTES being in violation of, or being potentially in violation of California meal and rest period laws between June 1, 2015 and June 30, 2016? If so, for each complaint state the date the complaint was made, the nature of the complaint and identify all DOCUMENTS related to the complaint.

[As used herein, "ROUTES" refer to work schedules and assignments for bus drivers.]

9.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "violation of, or potentially in violation of" and the term "complain" contained herein are vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects on the ground that this interrogatory seeks private and confidential financial, and or proprietary business information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "violation of, or potentially in violation of" and the term "complain" contained herein are vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects on the ground that this interrogatory seeks private and confidential financial, and or proprietary business information. Subject to and without waiving the foregoing objections, Defendant responds as follows: as a Union Steward and as part of the runcut committee, Plaintiff, along with other committee members, was responsible for reviewing the proposed schedules or runcuts and raise any discrepancies or issues involving the schedules to Defendant.

Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time.

**AMENDED SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Defendant incorporates herein by reference, its preliminary statement and general objections.  Defendant objects to this interrogatory on the basis that the phrase "violation of, or potentially in violation of" and the term "complain" contained herein are vague and ambiguous.  Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome.  Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects on the ground that this interrogatory seeks private and confidential financial, and or proprietary business information.  Subject to and without waiving the foregoing objections, Defendant responds as follows: as a Union Steward and as part of the run-cut committee, Plaintiff, along with other committee members, was responsible for reviewing the proposed schedules or runcuts and raise any discrepancies or issues involving the schedules to Defendant.  In her capacity as Shop Steward and run-cut committee member, Plaintiff sent the following emails to Defendant:

- E-mail dated May 29, 2016 regarding "REVIEW RESULTS OF PADDLES AND BIDS;"
- E-mail dated June 5, 2016 regarding "BUS OPERADORES CONCERN;"
- E-mail dated June 12, 2016 at 7:27 P.M. regarding "PADDLE MISTAKES;"
- E-mail dated June 12, 2016 at 8:28 P.M. regarding "PADDLE MISTAKES."

11.

1    There were also discussions of paddles between members of the run-cut

2    committee and Defendant during meetings of the run-cut committee.  Discovery and

3    investigation is continuing and ongoing and Defendant reserves the right to

4    supplement this response at a later time.

5    **INTERROGATORY NO. 11:**

6    Did YOU investigate any of the complaints of unlawful conduct which are

7    responsive to interrogatories 10? If so, please state the name, job title, and contact

8    information of each PERSON who investigated or who was interviewed or who

9    provided an oral or written statement as part of the investigation of the complaint.

10   **RESPONSE TO INTERROGATORY NO. 11:**

11   Defendant incorporates herein by reference, its preliminary statement and

12   general objections.  Defendant objects to this interrogatory on the basis that the

13   phrase "complaints of unlawful conduct" and the term "investigate" contained herein

14   are vague and ambiguous.  Defendant further objects to this interrogatory to the

15   extent that it seeks information that is not reasonably calculated to lead to the

16   discovery of admissible evidence. Defendant further objects to this interrogatory to

17   the extent that it is overly broad and unduly burdensome.  Defendant further objects

18   to the extent that the request seeks private and confidential financial, and or

19   proprietary business information. Defendant further objects to this interrogatory on

20   the basis that it seeks information about current or former and/or former employees

21   that is protected from disclosure under the right to privacy set forth in the United

22   States Constitution, federal and state statutes, or the common law. Defendant further

23   objects to the extent that the interrogatory seeks information that is protected from

24   disclosure by the attorney-client privilege and/or attorney work product doctrine.

25   Defendant further objects that this interrogatory is compound.

26   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

27   Defendant incorporates herein by reference, its preliminary statement and

28   general objections.  Defendant objects to this interrogatory on the basis that the

12.

1  phrase "complaints of unlawful conduct" and the term "investigate" contained herein

2  are vague and ambiguous.  Defendant further objects to this interrogatory to the

3  extent that it seeks information that is not reasonably calculated to lead to the

4  discovery of admissible evidence.  Defendant further objects to this interrogatory to

5  the extent that it is overly broad and unduly burdensome.  Defendant further objects

6  to the extent that the request seeks private and confidential financial, and or

7  proprietary business information. Defendant further objects to this interrogatory on

8  the basis that it seeks information about current or former and/or former employees

9  that is protected from disclosure under the right to privacy set forth in the United

10 States Constitution, federal and state statutes, or the common law. Defendant further

11 objects to the extent that the interrogatory seeks information that is protected from

12 disclosure by the attorney-client privilege and/or attorney work product doctrine.

13 Defendant further objects that this interrogatory is compound.  Subject to and

14 without waiving the foregoing objections, Defendant responds as follows:

15 Defendant worked with the Union, Union Stewards and the runcut committee to

16 address any issues or discrepancies in the routes.  If, in the runcut committee

17 meeting, Plaintiff or any other member raised issues or concerns with the runcut or

18 schedule, they would be looked into to ensure that they were in compliance with

19 company policy and the law. Discovery and investigation is continuing and ongoing

20 and Defendant reserves the right to supplement this response at a later time.

21 **AMENDED SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

22 Defendant incorporates herein by reference, its preliminary statement and

23 general objections.  Defendant objects to this interrogatory on the basis that the

24 phrase "complaints of unlawful conduct" and the term "investigate" contained herein

25 are vague and ambiguous.  Defendant further objects to this interrogatory to the

26 extent that it seeks information that is not reasonably calculated to lead to the

27 discovery of admissible evidence.  Defendant further objects to this interrogatory to

28 the extent that it is overly broad and unduly burdensome.  Defendant further objects

1    to the extent that the request seeks private and confidential financial, and or
2    proprietary business information. Defendant further objects to this interrogatory on
3    the basis that it seeks information about current or former and/or former employees
4    that is protected from disclosure under the right to privacy set forth in the United
5    States Constitution, federal and state statutes, or the common law. Defendant further
6    objects to the extent that the interrogatory seeks information that is protected from
7    disclosure by the attorney-client privilege and/or attorney work product doctrine.
8    Defendant further objects that this interrogatory is compound.   Subject to and
9    without waiving the foregoing objections, Defendant responds as follows:
10   Defendant worked with the Union, Union Stewards and the run-cut committee to
11   address any issues or discrepancies in the routes.   If, in the run-cut committee
12   meeting, Plaintiff or any other member raised issues or concerns with the run-cut or
13   schedule, they would be looked into to ensure that they were in compliance with
14   company policy and the law. Individuals involved included Bill Lewis, Rene
15   Alvarez, Alfred Bethel, Margarita Pitti, Jeff Hauser, and Juan Silva, who were all
16   employees of Defendant.   Shop stewards Claudia Valley, William Wimbish and
17   Plaintiff were also involved.   Union employees Wayne Lovett, and Leo Dorado were
18   also involved. Discovery and investigation is continuing and ongoing and Defendant
19   reserves the right to supplement this response at a later time.

20   **INTERROGATORY NO. 12:**

21       Did YOU investigate any of the complaints of unlawful conduct which are
22   responsive to interrogatories 10? If so please identify, by title, date, and author, all
23   DOCUMENTS related to the complaint.

24   **RESPONSE TO INTERROGATORY NO. 12:**

25       Defendant incorporates herein by reference, its preliminary statement and
26   general objections.   Defendant objects to this interrogatory on the basis that the
27   terms/phrases "investigate," "related to," and "complaints of unlawful conduct"
28   contained herein are vague and ambiguous.   Defendant further objects to this

interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome.  Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information.  Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects that this interrogatory is compound.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Defendant incorporates herein by reference, its preliminary statement and general objections.  Defendant objects to this interrogatory on the basis that the terms/phrases "investigate," "related to," and "complaints of unlawful conduct" contained herein are vague and ambiguous.  Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome.  Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information.  Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects that this interrogatory is compound.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant worked with the Union, Union Stewards and the runcut committee to address any issues or discrepancies in the routes.  If, in the runcut committee meeting, Plaintiff or any other member raised issues or concerns with the runcut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law.  Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time.

15.

**<u>AMENDED SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:</u>**

Defendant incorporates herein by reference, its preliminary statement and general objections.  Defendant objects to this interrogatory on the basis that the terms/phrases "investigate," "related to," and "complaints of unlawful conduct" contained herein are vague and ambiguous.  Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome.  Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information.  Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects that this interrogatory is compound.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant worked with the Union, Union Stewards and the run-cut committee to address any issues or discrepancies in the routes.  If, in the run-cut committee meeting, Plaintiff or any other member raised issues or concerns with the run-cut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law.  Documents know by Defendant to be in its possession, custody or control that relate to this process are as follows:

E-mail dated June 2, 2016 from Rodney ("Bill") Lewis to Plaintiff;

E-mail dated June 13, 2016 to Plaintiff from Rene Alvarez;

E-mail chain dated June 2, 2016 regarding "Discrepancy – New paddles June 2016."

Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time.

**INTERROGATORY NO. 13:**

Did YOU take any action at the conclusion of any investigation responsive to interrogatory number 10? If so, please describe the action taken and state whether the EMPLOYEE who made the complaint was made aware of the actions taken by the EMPLOYER in response to the complaint, and, if so, state how and when?

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "take any action" contained herein is vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects that this interrogatory is compound.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "take any action" contained herein is vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product

17.

doctrine. Defendant further objects that this interrogatory is compound. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant worked with the Union, Union Stewards and the runcut committee to address issues or discrepancies in the routes. If, in the run-cut committee meeting, Plaintiff or any other member raised issues or concerns with the run-cut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law. Discovery and investigation is continuing and ongoing and Defendant reserves the right to supplement this response at a later time.

**AMENDED SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

Defendant incorporates herein by reference, its preliminary statement and general objections. Defendant objects to this interrogatory on the basis that the phrase "take any action" contained herein is vague and ambiguous. Defendant further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects to the extent that the request seeks private and confidential financial, and or proprietary business information. Defendant further objects to the extent that the interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects that this interrogatory is compound. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant worked with the Union, Union Stewards and the runcut committee to address issues or discrepancies in the routes. If, in the run-cut committee meeting, Plaintiff or any other member raised issues or concerns with the run-cut or schedule, they would be looked into to ensure that they were in compliance with company policy and the law. Also, see the following documents:

E-mail dated June 2, 2016 from Rodney ("Bill") Lewis to Plaintiff;

E-mail dated June 13, 2016 to Plaintiff from Rene Alvarez;

1  E-mail chain dated June 2, 2016 regarding "Discrepancy – New paddles June

2  2016."

3  Discovery and investigation is continuing and ongoing and Defendant reserves

4  the right to supplement this response at a later time.

5  **INTERROGATORY NO. 14:**

6  Did YOU take any action at the conclusion of any investigation responsive to

7  interrogatory number 10? If so, please identify all by title, date, and author

8  DOCUMENTS relating to any action taken in response to the complaint.

9  **RESPONSE TO INTERROGATORY NO. 14:**

10  Defendant incorporates herein by reference, its preliminary statement and

11  general objections.  Defendant objects to this interrogatory on the basis that the

12  phrase "relating to any action taken" contained herein is vague and ambiguous.

13  Defendant further objects to this interrogatory to the extent that it seeks information

14  that is not reasonably calculated to lead to the discovery of admissible evidence.

15  Defendant further objects to this interrogatory to the extent that it is overly broad and

16  unduly burdensome.  Defendant further objects to the extent that the request seeks

17  private and confidential financial, and or proprietary business information.

18  Defendant further objects to the extent that the interrogatory seeks information that is

19  protected from disclosure by the attorney-client privilege and/or attorney work

20  product doctrine. Defendant further objects that this interrogatory is compound.

21  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

22  Defendant incorporates herein by reference, its preliminary statement and

23  general objections.  Defendant objects to this interrogatory on the basis that the

24  phrase "relating to any action taken" contained herein is vague and ambiguous.

25  Defendant further objects to this interrogatory to the extent that it seeks information

26  that is not reasonably calculated to lead to the discovery of admissible evidence.

27  Defendant further objects to this interrogatory to the extent that it is overly broad and

28  unduly burdensome.  Defendant further objects to the extent that the request seeks

1   private and confidential financial, and or proprietary business information.
2   Defendant further objects to the extent that the interrogatory seeks information that is
3   protected from disclosure by the attorney-client privilege and/or attorney work
4   product doctrine. Defendant further objects that this interrogatory is compound.
5   Subject to and without waiving the foregoing objections, Defendant responds as
6   follows: Defendant worked with the Union, Union Stewards and the runcut
7   committee to address discrepancies in routes. If, in the runcut committee meeting,
8   Plaintiff or any other member raised issues or concerns with the runcut or schedule,
9   they would be looked into to ensure that they were in compliance with company
10   policy and the law. Discovery and investigation is continuing and ongoing and
11   Defendant reserves the right to supplement this response at a later time.

12   **AMENDED SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

13   Defendant incorporates herein by reference, its preliminary statement and
14   general objections. Defendant objects to this interrogatory on the basis that the
15   phrase "relating to any action taken" contained herein is vague and ambiguous.
16   Defendant further objects to this interrogatory to the extent that it seeks information
17   that is not reasonably calculated to lead to the discovery of admissible evidence.
18   Defendant further objects to this interrogatory to the extent that it is overly broad and
19   unduly burdensome. Defendant further objects to the extent that the request seeks
20   private and confidential financial, and or proprietary business information.
21   Defendant further objects to the extent that the interrogatory seeks information that is
22   protected from disclosure by the attorney-client privilege and/or attorney work
23   product doctrine. Defendant further objects that this interrogatory is compound.
24   Subject to and without waiving the foregoing objections, Defendant responds as
25   follows: Defendant worked with the Union, Union Stewards and the runcut
26   committee to address discrepancies in routes. If, in the runcut committee meeting,
27   Plaintiff or any other member raised issues or concerns with the runcut or schedule,
28   they would be looked into to ensure that they were in compliance with company

1    policy and the law.  Documents know by Defendant to be in its possession, custody

2    or control that relate to this process are as follows:

3         E-mail dated June 2, 2016 from Rodney ("Bill") Lewis to Plaintiff;

4         E-mail dated June 13, 2016 to Plaintiff from Rene Alvarez;

5         E-mail chain dated June 2, 2016 regarding "Discrepancy – New paddles June

6    2016."

7         Discovery and investigation is continuing and ongoing and Defendant reserves

8    the right to supplement this response at a later time.

9

10   DATED:  April 23, 2019                    GLEASON & FAVAROTE, LLP
                                                PAUL M. GLEASON
11                                              TOREY JOSEPH FAVAROTE
                                                JING TONG
12

13                                              By _____
14                                                         Jing Tong

15                                              Attorneys for Defendant Transdev
                                                Services, Inc.
16

17

18

19

20

21

22

23

24

25

26

27

28
                                          21.

EXHIBIT A


transdev
MOBILITY REDEFINED BY YOU

## Notice to Employee as to Change in Relationship

Name: Alicia Del Villar        Personal and Confidential
Position: Driver        Delivered: By Hand/In Person
Date of Hire: 05/05/2004
Rate of Pay: $ 18.83
SSN: ***-**-6794

Dear Alicia:

All employees of the Company are expected to meet acceptable performance standards and otherwise conduct themselves in an appropriate manner during their course of employment. The safety of each employee and passenger is our first commitment. No job is so important and no order is so urgent that we cannot take time to perform work safely. Employees are held responsible for adhering to safety rules. Our client (MTS) and public rely upon Transdev to provide well-trained, safe and professional drivers.

On June 16, 2016 at 8:11 am you contacted RTMS dispatcher and reported that on 54th and El Cajon as you were pulling out from the stop a female passenger was weaving through traffic when the passenger ran into the bike rack. The passenger refused any medical assistance or aid. A Road supervisor was immediately sent to investigate. Video footage and audio was requested and confirms the following:

Date: 06-16-2016
Time of report: 8:11
Time recorded: 08:09:50 to 08:18:53
Incident Time: 8:10:38
Clips Recorded: 1
Driver: Alicia Del Villar
Route: 955
Bus: 2431
Location: 54th and El Cajon Blvd.

Description: While at a complete stop the operator was servicing bus stop located on 54th St & El Cajon Blvd. Once the passengers are boarded the operator is about to proceed and realizes another passenger is running to catch the bus. The operator then stops the bus and reopens the doors. Passenger then boards the bus and the operator closes the doors. As the operator closes her doors P1 (Female Pedestrian) is observed running across the street through traffic and walks if front of the bus through the driver side (Left Front Side). The operator then motions the bus and bike rack is observed making contact with P1. The operator immediately applies her brakes and opens her doors. The operator then tells P1, "Why do you do that Ma'am. You don't suppose to do that. You can make me kill you." It is unclear what P1 answers. P1 then walks in and has a seat. The Operator then closes her doors and continues on route. The operator then notices P1 grabbing her shoulder. The Operator then asks P1 if she needs medical attention. It is unclear what P1 answers. The operator then pulls over and PRTT's IAD. P1 then is observed exiting the bus at 08:18:53. No medical attention needed.

Summary:
| Time | Event |
| --- | --- |
| 8:10:38 am | P1 was struck on right shoulder with bike rack |
| 8:10:51 am | P1 boards bus after running in front of bus |
| 8:11:25 am | Operator becomes aware that passenger is rubbing shoulder |
| 8:11:33 am | Operator secure bus and calls Dispatch |
| 8:18:53 am | P1 exits bus. |

EXHIBIT 2-3
WIT: Del Villar
DATE: 2/22/19
Shelly Berry, CSR 9896

A voice recording was downloaded and confirms that RTMS dispatch was informed by operator that on 54th & El Cajon Blvd when trying to pull out a female passenger run on front of bus and touches her shoulder. Operator informs dispatcher that passenger said that she was ok but requested a supervisor. Operator tells dispatcher that female passenger maybe under the influence of something. Dispatcher asks operator if passenger needed medical attention. Operator said; she said no. Operator said, she is getting out of the bus now. Operator asks female passenger, did I hit you? Passenger said no, another car hit me (per operator's explanation). Dispatcher tells operator to continue on route and a supervisor was going to meet her for further investigation.

Notice as to Change in Relationship - Page 1 of 3


transdev
MOBILITY INSPIRED BY YOU

## Notice to Employee as to Change in Relationship

On June 17, 2016 an interactive meeting was held with you, union steward, Rene Alvarez, Operations Manager, Juan Silva, assistant operations manager, Bill Lewis, Project Manager and Maria Moncada, Regional HR Manager. An opportunity was given to you to explain the event while observing video footage. It was asked why you continue on route and then pull to the side when you observed female passenger rubbing her right shoulder and not reported immediately the incident to IAD dispatcher.  You provided your side of the story in writing which cited the following: *"In respon to not reporting immediately I disagree with the companies interpretation; the incident was not immediately report because I felt that was no incident to report. INITIALLY: Only when I hear that the passenger saying something about the shoulder. I decided to secure the bus and call RTT to protect the companies' interest from a possible scan. As I called RTT the lady passenger even told me the bus did not hit her. All of this should be on the video on the part I notified RTT. I felt notified the company immediately within a couple of minutes of the incident"* (signed on 01/25/2016). On June 17, 2016 you were placed on administrative leave for commitment of a serious infraction; failure to report an accident immediately to a dispatcher or supervisor.

On June 22, 2016 another meeting took placed to discuss your side of the story. Union representative, Regional HR Manager, Maria Moncada and you discussed step by step the video as well as your additional information of why it took 55 seconds to report the incident to dispatcher. You said that you were blocking a driveway and therefore you needed to move, and then you said that if the passenger did not rub her right shoulder you will continue on route without reporting. Video was forwarded to Safety department to confirm your statement that it was not an accident, no injury to report and it was not preventable. After safety review video footage it demonstrates the following:

Incident is Non – Preventable, V1 was starting to pull out of the bus stop when a female passenger who was illegally j-walking came from the left and walked into the path of V1. The female passenger made contact with the bike rack. Operator waited for the passenger to have a seat then she began to drive away. Operator noticed the passenger was saying something about her shoulder, and she asked if she needed help. This when Operator secured the bus and reported the event; Therefore, Operator failed to report immediately the event.

<u>Collective Bargaining Agreement between Teamsters Local 683 and Transdev (formerly Veolia Transportation):</u>

Article 10 Discipline and Discharge, Section 10.3: (L) Failure to report a hazardous situation, accident or injury immediately to the Dispatcher or supervisor.

<u>Transdev's World-Class Policies and Procedures Manual:</u>

- Section F.1: "Employees are required to report any injury or accident, regardless of severity, immediately after its occurrence. Employees that do not report an accident immediately will result in disciplinary action up to and including termination."

You signed for a copy of the Safety Policies and Procedures on 10/06/2010, 06/22/2012 & 12/03/2015.

Your unsafe job performance has jeopardized the quality of service we provide at Transdev Services.  Your employment with Transdev has been terminated June 24, 2016. June 24, 2016 will be entered into our records as your last day of employment.

Please find enclosed with this letter the following items:

- Your final paycheck for all monies owed to you
- Action Notice with details confirming your termination date
- For Your Benefit – DE 2320
- HIPP Notice
- Change in Relationship

COBRA information will be forwarded by Teamsters Multi Benefit Trust OR ADP to the address you have listed with the company.  If you have any questions regarding the content of the letter, please feel free to contact me.

**transdev**
MOBILITY INSPIRED BY YOU

## Notice to Employee as to Change in Relationship

_____     6/24/16
                                          Date

Rene Alvarez - Operations Manager
Transdev
San Diego Area
3610 Main St
Chula Vista, CA 91911
Tel: (619)-409-4601 ext 2103

**Employee Acknowledgement:** I acknowledge that I have read and received a copy of this "Notice to Employee as to Change in Relation and that it has been discussed with me. All wages and unused/accrued vacation due me have been paid.

_____     _____
Employee Signature                        Date

Notice as to Change in Relationship - Page 5 of 8

EXHIBIT B



## Verbal Warning Notice

To: Employee:  Alicia Del Villar          EE# 3436     Job Title:  Coach Operator

As a result of your performance/conduct, it is necessary to inform you of the following Violation/Concern(s):

Date: September 5, 2014

Event of 8/28/14 – We were contacted by National City Police Department requesting information regarding a robbery.

Transdev conducted an investigation as a result of this request.

Investigation results:

The onboard camera system reveals the following: On Thursday, August 28, 2014, while driving route 929 on board bus # 2846, you witnessed a robbery that took place at the bus stop located at Highland Ave. & 12th St. at around 12:59PM. In addition to the robbery, the victim was also assaulted by the thief. This incident wasn't reported in writing (via incident report) We checked our records and learned that you had failed to report the incident as instructed.

The Operations Department has deemed that your actions were in violation of written company rules, policies and/or procedures.

It is the policy of Transdev that coach operators are required to report all accidents, incidents of passenger falls, injuries or any passenger disturbance or unusual occurrence immediately by radio or telephone.

In accordance with the CBA Article 10, section 10.2 - work rules requires compliance with all rules, regulations and policies outlined in the Transdev Employee Handbook.

Operator Alicia Del Villar's failure to comply with company rules, policies and/or procedures outlined in the CBA and/or Transdev Employee Handbook might result in further disciplinary action and/or termination of employment.

---

Witnesses:
Corrective Action Required: N/A.

This document will confirm that the following disciplinary action will be implemented:          C.O.E. expiration date :

VERBAL WARNING ☒ WRITTEN WARNING ☐ SUSPENSION ☐ DAYS: _____     CONDITION OF EMPLOYMENT ☐  TERMINATION ☐

Senior Supervisor Signature _____          Date:

Employee's Remarks/Explanation:

EXHIBIT _____ 8
Wit: Del Villar
DATE: 2/22/19
Shelly Berry, CSR 8896

---

Previous Attendance
Infractions: _____
(Attach copies of any documents from training manual, employee handbook, policies or previous memoranda, etc. that address the violation/concern.)

.I state that I have read the foregoing Notice and discussed the matter with my Supervisor/Team Leader.

Employee Signature: _____   Date: 10/1/19

Refused To Sign

Union Representative Signature (if requested): _____   Date: _____

Transdev policy requires that you read and receive a copy of this notice.  Your signature is not an admission of guilt in any way.  A copy of this Notice will become a permanent part of your personnel file.

Employee Name: _____

**(Please Print)**                                                    Employee Number

| Last Day and Time Physically Worked: | Day | Date | Time |
|---|---|---|---|
| Suspension Without Pay: | Number of Days | Dates | |
| Return to Work: | Day | Date | |
| Additional Paid Leave: | Number of Days | Dates | |
| Authorized Signature: | | Date | |

Distribution:

☐ Union (preliminary copy sent)   ☐ Union (final copy sent)   ☐ Scheduling   ☐ Timekeeping   ☐ Payroll   ☐ Transportation

☐ Human Resources: _____

EXHIBIT C



## Disciplinary Notice

To: Employee:  Alicia Del Villar

EE# 3436         Job Title:  Coach Operator

As a result of your performance/conduct, it is necessary to inform you of the following Violation/Concern(s):

Date: February 2, 2015

Event of 1/23/15 – We received an incident report stating the following:

See attached incident report.

Transdev conducted an investigation as a result of this request.

Investigation results:

The onboard camera system reveals the following: On Friday, January 23, 2015, while driving route 923 on board bus # 2735, a customer standing just behind the yellow line fell forward and hit the DCU unit with his left arm after you made a hard stop to avoid colliding with a vehicle that stopped suddenly in front of the bus at around 9:42AM. Customer exited the bus at the bus stop located at Voltaire St. & Sunset Cliffs Blvd. Minutes later, customer contacted dispatch and claimed injuries. We checked our records and learned that you failed to report the incident immediately. Video shows that rather than reporting the incident immediately to the dispatcher or supervisor, you continued on route and submitted an incident report at the end of your shift.

The Operations Department has deemed that your actions were in violation of written company rules, policies and/or procedures.

1) Failure to report a hazardous situation, accident or injury immediately to the dispatcher or supervisor.

It is the policy of Transdev that coach operators are required to report all accidents, incidents of passenger falls, injuries or any passenger disturbance or unusual occurrence immediately by radio or nearest telephone when physically able.

In accordance with the CBA Article 10, section 10.3 – serious infraction requires compliance with all rules, regulations and policies outlined in the CBA and/or Transdev Employee Handbook.

Operator Alicia Del Villar's failure to comply with company rules, policies and/or procedures outlined in the CBA and/or Transdev Employee Handbook might result in further disciplinary action and/or termination of employment.

Witnesses:
Corrective Action Required: N/A.

This document will confirm that the following disciplinary action will be implemented:        C.O.E. expiration date :

VERBAL WARNING ☐  WRITTEN WARNING ☒ SUSPENSION ☐ DAYS: _____    CONDITION OF EMPLOYMENT ☐  TERMINATION ☐
Senior Supervisor Signature        R. Neuteua        Date:  2/2/15

Employee's Remarks/Explanation:

EXHIBIT ___9___
WIT: Del Villa
DATE: 7/22/19
Shelly Berry, CSR 9896

Previous Attendance
infractions:

(Attach copies of any documents from training manual, employee handbook, policies or previous memoranda, etc. that address the violation/concern.)

I state that I have read the foregoing Notice and discussed the matter with my Supervisor/Team Leader.

Employee Signature: *Refused to sign. R.Reusua*          Date: 2/3/15

Union Representative Signature (if requested): _____          Date: _____

Transdev policy requires that you read and receive a copy of this notice. Your signature is not an admission of guilt in any way. A copy of this Notice will become a permanent part of your personnel file.

Employee Name: _____

(Please Print)

Employee Number

Last Day and Time Physically Worked:

| Day | Date | Time |

Suspension Without Pay:

| Number of Days | Dates |

Return to Work:

| Day | Date |

Additional Paid Leave:

| Number of Days | Dates |

Authorized Signature:          Date

**Distribution:**

☐ Union (preliminary copy sent)   ☐ Union (final copy sent)   ☐ Scheduling   ☐ Timekeeping   ☐ Payroll   ☐ Transportation

☐ Human Resources:

*Refused to sign*                    02-03-18
                                     Sergio lacillas

*refused to sign*      Pa-nicin Phdrina   2-3-18

## PROOF OF SERVICE

I, Thomas Steinhart, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, CA 90807.

On April 23, 2019, I served a copy(ies) of the following document(s):

**DEFENDANT TRANSDEV SERVICES, INC.'S AMENDED SUPPLEMENTAL RESPONSES TO PLAINTIFF ALICIA DELVILLAR'S INTERROGATORIES, SET ONE**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| JUSTIN HEWGILL<br>Hewgill, Cobb & Lockard, APC<br>1620 Fifth Avenue, Suite 325<br>San Diego, CA 92101<br>Tel: (619) 880-3791<br>Fax: (619) 377-6026<br>justin@hcl-lawfirm.com | Attorneys for Plaintiff, ALICIA DELVILLAR | First Class Mail and Email |

☒ **[BY MAIL]** I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐ **[BY OVERNIGHT COURIER]** I caused the sealed envelope(s) to be delivered by a commercial courier service for overnight delivery to the offices of the addressee(s).

☐ **[BY HAND]** I directed the sealed envelope(s) to the party(ies) so designated on the service list to be delivered by Ace Attorney Service, Inc. this date.

☒ **[BY ELECTRONIC TRANSMISSION]** I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above.

I declare under penalty of perjury under the laws of the United States that the above is true and correct, and that this declaration was executed on April 23, 2019, at Long Beach, California.

_____
Thomas Steinhart

# EXHIBIT D

**Jing Tong**

| | |
|---|---|
| **From:** | Dylan Morales <dylan@hcl-lawfirm.com> |
| **Sent:** | Tuesday, April 23, 2019 5:45 PM |
| **To:** | Paul Gleason; Jing Tong |
| **Cc:** | Justin Hewgill; Adolfo Sanchez; Yesenia Silva |
| **Subject:** | DEL VILLAR - Joint Motion for Determination of Discovery Dispute - Written Discovery |
| **Attachments:** | Del Villar - Joint Motion for Discovery Determination.pdf |

Hello Counsels,

Please find the attached Motion to Compel Discovery Dispute below. This motion concerns the non-responsive written discovery Defendant had previously agreed to supplement.

Pursuant to Chamber Rules, you have seven days from today to contribute to the attached motion for purposes of filing jointly.

I appreciate your attention to this matter.

DJM

--



**Dylan Morales**

Associate Attorney at Hewgill, Cobb & Lockard,

APC

**A**  1620 Fifth Avenue, Suite 325

**P**  (619) 693-7406   **W**  www.hcl-lawfirm.com

**E**  dylan@hcl-lawfirm.com

**Jing Tong**

| | |
|---|---|
| **From:** | Dylan Morales <dylan@hcl-lawfirm.com> |
| **Sent:** | Tuesday, April 23, 2019 1:31 PM |
| **To:** | Paul Gleason; Jing Tong |
| **Cc:** | Justin Hewgill; Adolfo Sanchez; Yesenia Silva |
| **Subject:** | DEL VILLAR - Joint Motion for Determination of Discovery Dispute |
| **Attachments:** | Del Villar - [FINAL] Joint Motion to Compel Discovery Dispute - 04.23.19.pdf |

Hello Counsels,

Please find the attached Motion to Compel Discovery Dispute below. This motion concerns the depositions of Mr. Marcus Mukai and Person(s) Most Knowledgeable.

Pursuant to Chamber Rules, you have seven days from today to contribute to the attached motion for purposes of filing jointly.

Please note that this motion does not concern your supplemental responses to Plaintiff's written discovery which you previously affirmed Plaintiff will be receiving today.

I appreciate your attention to this matter.

DJM

--



**Dylan Morales**

Associate Attorney at Hewgill, Cobb & Lockard, APC

**A** 1620 Fifth Avenue, Suite 325

**P** (619) 693-7406   **W** www.hcl-lawfirm.com

**E** dylan@hcl-lawfirm.com

# EXHIBIT E

**Jing Tong**

| | |
|---|---|
| **From:** | Paul Gleason |
| **Sent:** | Wednesday, April 24, 2019 1:59 PM |
| **To:** | Dylan Morales; Jing Tong |
| **Cc:** | Justin Hewgill; Adolfo Sanchez; Yesenia Silva |
| **Subject:** | RE: Del Villar - Joint Motion for Determination of Discovery Dispute - Written Discovery |

Dylan:

We served supplemental responses yesterday.  Please confirm that the motion will not go forward.

Regards,

Paul


Paul Gleason
Partner
**GLEASON & FAVAROTE, LLP**
4014 Long Beach Blvd., Suite 300
Long Beach, CA 90803
Phone:  (213) 452-0511
Fax:  (213 452-0514



GLEASON & FAVAROTE LLP

http://www.gleasonfavarote.com

This transmission is intended by the sender and proper recipient(s) to be confidential, intended only for the proper recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.


To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication  (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Dylan Morales <dylan@hcl-lawfirm.com>
**Sent:** Wednesday, April 24, 2019 1:54 PM
**To:** Paul Gleason <pgleason@gleasonfavarote.com>; Jing Tong <jtong@gleasonfavarote.com>
**Cc:** Justin Hewgill <justin@hcl-lawfirm.com>; Adolfo Sanchez <adolfo@hcl-lawfirm.com>; Yesenia Silva <yesenia@hcl-lawfirm.com>
**Subject:** Del Villar - Joint Motion for Determination of Discovery Dispute - Written Discovery

Hello Counsels,

Please find the attached Joint Motion for Determination of Discovery Dispute regarding Defendant's responses to Written Discovery.

Per Chamber Rules, Defendant has seven days from today (4/24) to collaborate on the Joint Motion.

If Defendant would like to supplement responses to moot the Motion, please let Justin Hewgill or I know.

DJM

--



### Dylan Morales

Associate Attorney at Hewgill, Cobb & Lockard, APC

**A** 1620 Fifth Avenue, Suite 325

**P** (619) 693-7406   **W** www.hcl-lawfirm.com

**E** dylan@hcl-lawfirm.com

# EXHIBIT F

**Jing Tong**

| | |
|---|---|
| **From:** | Dylan Morales <dylan@hcl-lawfirm.com> |
| **Sent:** | Wednesday, April 24, 2019 3:48 PM |
| **To:** | Paul Gleason |
| **Cc:** | Jing Tong; Justin Hewgill; Adolfo Sanchez; Yesenia Silva |
| **Subject:** | Re: Del Villar - Joint Motion for Determination of Discovery Dispute - Written Discovery |

Hello Paul,

Plaintiff is brining this motion based on Defendant's amended supplemental responses, which we received yesterday.

While Plaintiff appreciates the amended responses, some Interrogatories and RFAs remain unresponsive; as noted in the Separate Statement attached to the Joint Motion.

DJM

On Wed, Apr 24, 2019 at 1:59 PM Paul Gleason <pgleason@gleasonfavarote.com> wrote:

Dylan:

We served supplemental responses yesterday.  Please confirm that the motion will not go forward.

Regards,

Paul

Paul Gleason

Partner

**GLEASON & FAVAROTE, LLP**

4014 Long Beach Blvd., Suite 300

Long Beach, CA 90803

Phone:  (213) 452-0511

Fax:  (213 452-0514

1



GLEASON & FAVAROTE LLP

http://www.gleasonfavarote.com

This transmission is intended by the sender and proper recipient(s) to be confidential, intended only for the proper recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication  (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Dylan Morales <dylan@hcl-lawfirm.com>
**Sent:** Wednesday, April 24, 2019 1:54 PM
**To:** Paul Gleason <pgleason@gleasonfavarote.com>; Jing Tong <jtong@gleasonfavarote.com>
**Cc:** Justin Hewgill <justin@hcl-lawfirm.com>; Adolfo Sanchez <adolfo@hcl-lawfirm.com>; Yesenia Silva <yesenia@hcl-lawfirm.com>
**Subject:** Del Villar - Joint Motion for Determination of Discovery Dispute - Written Discovery

Hello Counsels,

Please find the attached Joint Motion for Determination of Discovery Dispute regarding Defendant's responses to Written Discovery.

Per Chamber Rules, Defendant has seven days from today (4/24) to collaborate on the Joint Motion.

If Defendant would like to supplement responses to moot the Motion, please let Justin Hewgill or I know.


DJM


--



**Dylan Morales**

Associate Attorney at Hewgill, Cobb & Lockard, APC

A  1620 Fifth Avenue, Suite 325

P  (619) 693-7406

E  dylan@hcl-lawfirm.com

W  www.hcl-lawfirm.com


--

**Dylan Morales**

Associate Attorney at Hewgill, Cobb & Lockard, APC

A  1620 Fifth Avenue, Suite 325

P  (619) 693-7406   W  www.hcl-lawfirm.com

E  dylan@hcl-lawfirm.com

# EXHIBIT G

**Jing Tong**

| | |
|---|---|
| **From:** | Dylan Morales <dylan@hcl-lawfirm.com> |
| **Sent:** | Monday, April 29, 2019 10:24 AM |
| **To:** | Jing Tong |
| **Cc:** | Paul Gleason; Justin Hewgill; Adolfo Sanchez; Yesenia Silva; Linda Montemayor; Torey Favarote |
| **Subject:** | Re: Del Villar - Joint Motion for Determination of Discovery Dispute - Written Discovery |

Hi Jing,

Plaintiff intends to file the motions today (4/29). Can you send me Defendant's contributions to the joint motions sometime today?

Thank you,

DJM

On Fri, Apr 26, 2019 at 3:27 PM Dylan Morales <dylan@hcl-lawfirm.com> wrote:
Hi Jing,

Please find the attached motions below.

Dylan J. Morales

On Fri, Apr 26, 2019 at 1:10 PM Jing Tong <jtong@gleasonfavarote.com> wrote:

Hi Dylan,


Please provide the Joint Motions in word format.


Thanks,


Jing Tong
Attorney at Law
GLEASON & FAVAROTE LLP
4014 Long Beach Blvd., Ste. 300
Long Beach, CA 90807
(562) 548-6700 Ext. 1108

(562) 216-8495 Fax
(562) 548-6708 Direct

Jtong@gleasonfavarote.com

This transmission is intended by the sender and proper recipient(s) to be confidential, intended only for the proper recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication  (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Dylan Morales <dylan@hcl-lawfirm.com>
**Sent:** Wednesday, April 24, 2019 1:54 PM
**To:** Paul Gleason <pgleason@gleasonfavarote.com>; Jing Tong <jtong@gleasonfavarote.com>
**Cc:** Justin Hewgill <justin@hcl-lawfirm.com>; Adolfo Sanchez <adolfo@hcl-lawfirm.com>; Yesenia Silva <yesenia@hcl-lawfirm.com>
**Subject:** Del Villar - Joint Motion for Determination of Discovery Dispute - Written Discovery

Hello Counsels,

Please find the attached Joint Motion for Determination of Discovery Dispute regarding Defendant's responses to Written Discovery.

Per Chamber Rules, Defendant has seven days from today (4/24) to collaborate on the Joint Motion.

If Defendant would like to supplement responses to moot the Motion, please let Justin Hewgill or I know.

DJM

--



**Dylan Morales**

Associate Attorney at Hewgill, Cobb & Lockard, APC

**A**  1620 Fifth Avenue, Suite 325

**P**  (619) 693-7406

**E**  dylan@hcl-lawfirm.com

**W**  www.hcl-lawfirm.com



**Dylan Morales**

Associate Attorney at Hewgill, Cobb & Lockard, APC

**A**  1620 Fifth Avenue, Suite 325
**P**  (619) 693-7406   **W**  www.hcl-lawfirm.com
**E**  dylan@hcl-lawfirm.com



**Dylan Morales**

Associate Attorney at Hewgill, Cobb & Lockard, APC

**A**  1620 Fifth Avenue, Suite 325
**P**  (619) 693-7406   **W**  www.hcl-lawfirm.com
**E**  dylan@hcl-lawfirm.com

# EXHIBIT H

**Jing Tong**

| | |
|---|---|
| **From:** | Jing Tong |
| **Sent:** | Monday, April 29, 2019 10:40 AM |
| **To:** | Dylan Morales |
| **Cc:** | Paul Gleason; Justin Hewgill; Adolfo Sanchez; Yesenia Silva; Linda Montemayor; Torey Favarote |
| **Subject:** | RE: Del Villar - Joint Motion for Determination of Discovery Dispute - Written Discovery |

Hi Dylan,

You sent us the Joint Motion on the Written Discovery on Tuesday, April 23.  Per Judge Dembin's Chamber Rules "the aggrieved party must provide the opposing party a reasonable opportunity to contribute to the Joint Motion.  Reasonableness depends upon the extent and complexity of the dispute.  A <u>minimum of seven (7) business days</u> prior to the anticipated filing date of the Joint Motion is reasonable, but <u>only barely</u>, for a party to participate meaningfully in the preparation of a joint motion."  You've provided us with only 4 business days to provide a joint response.  I'm working on it now and will let you know by this afternoon.

Thanks,


Jing Tong
Attorney at Law
GLEASON & FAVAROTE LLP
4014 Long Beach Blvd., Ste. 300
Long Beach, CA 90807
(562) 548-6700 Ext. 1108
(562) 216-8495 Fax
(562) 548-6708 Direct


Jtong@gleasonfavarote.com

This transmission is intended by the sender and proper recipient(s) to be confidential, intended only for the proper recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication  (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.


**From:** Dylan Morales <dylan@hcl-lawfirm.com>
**Sent:** Monday, April 29, 2019 10:24 AM
**To:** Jing Tong <jtong@gleasonfavarote.com>
**Cc:** Paul Gleason <pgleason@gleasonfavarote.com>; Justin Hewgill <justin@hcl-lawfirm.com>; Adolfo Sanchez <adolfo@hcl-lawfirm.com>; Yesenia Silva <yesenia@hcl-lawfirm.com>; Linda Montemayor <lmontemayor@gleasonfavarote.com>; Torey Favarote <tfavarote@gleasonfavarote.com>
**Subject:** Re: Del Villar - Joint Motion for Determination of Discovery Dispute - Written Discovery

Hi Jing,

Plaintiff intends to file the motions today (4/29). Can you send me Defendant's contributions to the joint motions sometime today?

Thank you,

DJM

On Fri, Apr 26, 2019 at 3:27 PM Dylan Morales <dylan@hcl-lawfirm.com> wrote:

Hi Jing,

Please find the attached motions below.

Dylan J. Morales

On Fri, Apr 26, 2019 at 1:10 PM Jing Tong <jtong@gleasonfavarote.com> wrote:

Hi Dylan,


Please provide the Joint Motions in word format.


Thanks,


Jing Tong
Attorney at Law
GLEASON & FAVAROTE LLP
4014 Long Beach Blvd., Ste. 300
Long Beach, CA 90807
(562) 548-6700 Ext. 1108

(562) 216-8495 Fax
(562) 548-6708 Direct

Jtong@gleasonfavarote.com


This transmission is intended by the sender and proper recipient(s) to be confidential, intended only for the proper recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.


To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose

of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Dylan Morales <dylan@hcl-lawfirm.com>
**Sent:** Wednesday, April 24, 2019 1:54 PM
**To:** Paul Gleason <pgleason@gleasonfavarote.com>; Jing Tong <jtong@gleasonfavarote.com>
**Cc:** Justin Hewgill <justin@hcl-lawfirm.com>; Adolfo Sanchez <adolfo@hcl-lawfirm.com>; Yesenia Silva <yesenia@hcl-lawfirm.com>
**Subject:** Del Villar - Joint Motion for Determination of Discovery Dispute - Written Discovery

Hello Counsels,

Please find the attached Joint Motion for Determination of Discovery Dispute regarding Defendant's responses to Written Discovery.

Per Chamber Rules, Defendant has seven days from today (4/24) to collaborate on the Joint Motion.

If Defendant would like to supplement responses to moot the Motion, please let Justin Hewgill or I know.

DJM

--



Dylan Morales

Associate Attorney at Hewgill, Cobb & Lockard,

APC

A  1620 Fifth Avenue, Suite 325

P  (619) 693-7406

E  dylan@hcl-lawfirm.com

W  www.hcl-lawfirm.com

--



**Dylan Morales**

Associate Attorney at Hewgill, Cobb & Lockard,
APC

A  1620 Fifth Avenue, Suite 325

P  (619) 693-7406   W  www.hcl-lawfirm.com

E  dylan@hcl-lawfirm.com

--



**Dylan Morales**

Associate Attorney at Hewgill, Cobb & Lockard,
APC

A  1620 Fifth Avenue, Suite 325

P  (619) 693-7406   W  www.hcl-lawfirm.com

E  dylan@hcl-lawfirm.com

# EXHIBIT I

JUSTIN HEWGILL (259528)
EFAON COBB (282228)
LAW OFFICE OF HEWGILL AND COBB
2169 First Avenue
San Diego, CA 92101
Phone: (619) 432-2520; Fax: (619) 377-6026
jhewgill@hewgillcobb.com  ecobb@hewgillcobb.com

Attorneys for Plaintiff,
ALICIA DEL VILLAR

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ALICIA DEL VILLAR, an individual,

        Plaintiff,

    v.

TRANSDEV SERVICES, INC., and DOES 1
through 25, Inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 3:18-cv -01721-W-MDD

**PLAINTIFF ALICIA DEL VILLAR'S
INTERROGATORIES PROPOUNDED
ON DEFENDANT TRANSDEV
SERVICES, INC., SET ONE**

State Action Filed:  May 17, 2018
Removal Filed:      July 26, 2018
Trial Date:          None

**PROPOUNDING PARTY:**    Plaintiff, ALICIA DEL VILLAR

**RESPONDING PARTY:**     Defendant, TRANSDEV SERVICES, INC.

**SET NUMBER:**            One

1

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

Pursuant to Rules 33 of the Federal Rules of Civil Procedure, Plaintiff Alicia Del Villar, by and through her attorneys, requests that Defendant, Transdev Services Inc. respond in writing to each and every Interrogatory (individually, an "Interrogatory," and collectively, the "Interrogatories") made below. Per the agreement of the parties and the Court's instructions, Defendants shall have sixty (60) days from the service of these Requests to respond. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, the Interrogatories shall be deemed to be continuing if Defendants discover further information that is responsive hereto, or that alters or augments the answers already given, Defendants should promptly provide Plaintiff wish such information by amended or supplemental responses.

## DEFINITIONS AND INSTRUCTIONS

In addition to the Federal Rules of Civil Procedure and the Local Rules of this Court, the following definitions and instructions apply to these requests:

1.     Plaintiffs incorporate by reference the applicable Definitions and Instructions from Plaintiff's First Set of Requests for Production of Documents and Things from Defendant.

2.     Plaintiffs incorporate by reference the applicable Definitions and Instructions from Plaintiffs' First Set of Requests for Admission to Defendants.

3.     "Plaintiff" shall refer to Alicia Del Villar.

4.     "Defendant" shall refer to Transdev Services, Inc., and includes, but is not limited to, any predecessors or successors, and any agents, attorneys, representatives, employees, and/or other persons acting on their behalf.

2

10.     The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Request.

11.     Reference to the singular in any of these Requests shall also include a reference to the plural, and reference to the plural also shall include a reference to the singular.

12.     If Defendant objects that a term or phrase is vague or ambiguous, Defendant shall respond with its understanding of the term or phrase and specifically admit or deny the statement.

13.     These Interrogatories are intended to elicit as much information as possible concerning the issues, and to the extent any Interrogatory could be interpreted in more than one way, you should employ the interpretation of the interrogatory most likely to encompass and elicit the greatest amount of information possible.

14.     If Defendant refuses to disclose any of the information requested in any of these interrogatories on the basis of a privilege or other protection, please so state, and further state the basis of the privilege or other protection claim with sufficient specificity to permit the Court and counsel to evaluate and test the privilege or protection claimed.

15.     To the extent documents are produced in lieu of answering any of these interrogatories, please produce such documents as kept in the ordinary course of business, *see* Fed. R. Civ. P. 34, and without any rearrangement. In addition, please provide the documents in such a way that they can be correlated to the Interrogatory or Interrogatories to which the documents are responsive, and identify the Bates number for all such documents in your Interrogatory response.

16.     Defendant is under a continuing obligation to respond to the Interrogatories set forth herein, Accordingly, if Defendant subsequently gains additional information called for in any of the Interrogatories set forth herein, Defendant should promptly produce such information to Plaintiff.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Was any part of the parties' EMPLOYMENT relationship governed in whole or in part by any written rules, guidelines, policies, or procedures established by YOU? If so, for each DOCUMENT containing the written rules, guidelines, policies, or procedures state the date and title of the DOCUMENT as well as a general description of its contentions and the manner in which the DOCUMENT was communicated to and acknowledged, via receipt or knowledge, to employees.

**INTERROGATORY NO. 2:**

Was any part of the parties' EMPLOYMENT relationship covered by one or more collective bargaining agreements or memorandum of understanding between YOU (or an association of employers) and any labor union or employee association? If so, for each collective bargaining agreement or memorandum of understanding, state the names and contact information of the parties of the collective bargaining agreement or memorandum of understanding; the beginning and ending dates, if applicable, of the collective bargaining agreement or memorandum of understanding; and identify which parts of the collective bargaining agreement or memorandum of understanding, if any, govern (1) any dispute or claim referred to in the PLEADINGS and (2) the rules or procedures for resolving any dispute or claim referred to in the PLEADINGS.

**INTERROGATORY NO. 3:**

Do you contend PLAINTIFF was TERMINATED?

**INTERROGATORY NO. 4:**

If YOU contend that PLAINTIFF was TERMINATED, please state YOUR reason for TERMINATING PLAINTIFF.

4

**INTERROGATORY NO. 5:**

If YOU contend that PLAINTIFF was TERMINATED, please identify all PERSONS who participated in the decision to TERMINATE PLAINTIFF.

**INTERROGATORY NO. 6:**

If YOU contend that PLAINTIFF was TERMINATED, please state all facts which support YOUR reason for TERMINATING PLAINTIFF.

**INTERROGATORY NO. 7:**

If YOU contend that PLAINTIFF was TERMINATED, please identify, by name, title, and contact information, all PERSONS that who witnessed any of the events leading to PLAINTIFF being TERMINATED, or who has any information regarding any of the all facts which support YOUR reason for TERMINATING PLAINTIFF.

**INTERROGATORY NO. 8:**

If YOU contend that PLAINTIFF was TERMINATED, please identify all DOCUMENTS related to PLAINTIFF being TERMINATED by YOU.

**INTERROGATORY NO. 9:**

Are there any facts that would support YOUR TERMINATION of PLAINTIFF that were first discovered after the TERMINATION? If so state the specific facts and their respective date of discovery.

**INTERROGATORY NO. 10:**

Did the PLAINTIFF complain to YOU about proposed or actual ROUTES being in violation of, or being potentially in violation of California meal and rest period laws between June 1, 2015 and June 30, 2016? If so, for each complaint state the date the complaint was made, the nature of the complaint and identify all DOCUMENTS related to the complaint.

[As used herein, "ROUTES" refer to work schedules and assignments for bus drivers.]

**INTERROGATORY NO. 11:**

Did YOU investigate any of the complaints of unlawful conduct which are responsive to interrogatories 10? If so please state the name, job title, and contact

5

1  information of each PERSON who investigated or who was interviewed or who provided

2  an oral or written statement as part of the investigation of the complaint.

3  **INTERROGATORY NO 12:**

4        Did YOU investigate any of the complaints of unlawful conduct which are

5  responsive to interrogatories 10? If so please identify, by title, date, and author, all

6  DOCUMENTS related to the complaint.

7  **INTERROGATORY NO. 13:**

8        Did YOU take any action at the conclusion of any investigation responsive to

9  interrogatory number 10? If so please describe the action taken and state whether the

10  EMPLOYEE who made the complaint was made aware of the actions taken by the

11  EMPLOYER in response to the complaint, and, if so, state how and when?

12  **INTERROGATORY NO. 14:**

13        Did YOU take any action at the conclusion of any investigation responsive to

14  interrogatory number 10? If so please identify all by title, date, and author DOCUMENTS

15  relating to any action taken in response to the complaint.

16  **INTERROGATORY NO. 15:**

17        Identify each type of BENEFIT to which PLAINTIFF would have been entitled,

18  from the date of the ADVERSE EMPLOYMENT ACTION to the present, if the ADVERSE

19  EMPLOYMENT ACTION had not happened, and PLANTIFF had remained in the same

20  job position and the amount YOU would have paid to provide the benefit for PLAINTIFF

21  during this time period respectively and the value of the BENEFIT to PLANTIFF.

22  **INTERROGATORY NO. 16:**

23        Do you contend that PLAINTIFF has not made reasonable efforts to minimize the

24  amount of PLAINTIFF'S lost income?

25  **INTERROGATORY NO. 17:**

26        If you contend that PLAINTIFF has not made reasonable efforts to minimize the

27  amount of PLAINTIFF'S lost income, describe what more EMPLOYEE should have done

28  and describe all facts which support your contention.

1    DOCUMENTS and PERSONS, via their name and contact information, who have
2    knowledge that support your contention.

3    **INTERROGATORY NO. 18:**

4    Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any
5    individual concerning the ADVERSE EMPLOYMENT ACTION against PLAINTIFF? If so,
6    for each individual state: the name and contact information of the individual interviewed
7    as well as the name and contact information of the PERSON who conducted the interview.

8    **INTERROGATORY NO. 19:**

9    Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or
10   recorded statement from any individual concerning the ADVERSE EMPLOYMENT
11   ACTION against PLAINTIFF? If so, for each statement state the name and contact
12   information of the individual from whom the statement was obtained as well as the name
13   and contact information of the individual who obtained the statement.

14

15   DATED: January 22, 2019                    LAW OFFICE OF HEWGILL AND COBB
16

17

18

19

20                                             Justin Hewgill, Esq.
21                                             Attorneys for Plaintiff, Alicia Del Villar

22

23

24

25

26

27

28

7