UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA DEL VILLAR,<br><br>Plaintiff,<br><br>v.<br><br>TRANSDEV SERVICES INC.,<br><br>Defendant. | Case No.: 18-cv-1721-W-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING DEFENDANT'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION**<br><br>**[ECF NO. 20]** |

Before the Court is the joint motion of the parties for determination of a discovery dispute filed on May 8, 2019. (ECF No. 20). The joint motion presents Plaintiff's motion to compel Defendant to provide additional responses to seven Interrogatories and two Requests for Admissions. (ECF No. 20-1). As provided below, the motion to compel is **GRANTED IN PART AND DENIED IN PART.**

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or

defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission. The rule allows for a party to serve on another party a written request to admit the truth of matters relating to facts, the application of law to fact or opinions about either and genuineness of described documents. Rule 36(a)(1)(A), (B), Fed. R. Civ. P. The answering party must admit the matter, or "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Rule 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of the matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* If an answer does not comply with this rule, the court "may order either that the matter is admitted or that an amended answer be served." Rule 36(a)(6).

# DISCUSSION

Discovery opened in this case at least by September 26, 2018, when the Case Management Conference was held. (ECF No. 14). The Scheduling Order issued on October 1, 2018, authorized discovery until March 29, 2019. (*Id.*). The discovery requests at issue in this Joint Motion were served by Plaintiff on Defendant on January 22, 2019. (ECF No. 20-1 at 7).[1] As a consequence of extensions requested by Defendant and granted by Plaintiff, responses were not provided until April 1, 2019, after the close of discovery. The parties met and conferred, and additional responses were provided as late as April 23, 2019. (ECF No. 20-1 at 3-9). So, here we are, now almost two months after the close of discovery, dealing with a discovery dispute.

No reason is given by Plaintiff for her delay of nearly three months in serving written discovery requests on Defendant. Defendant's responses, nonetheless, were due in late February. No reason is given by Defendant for seeking extensions from Plaintiff that resulted in production after the close of discovery. All in all, the Court is unimpressed with the diligence of Plaintiff and the tardiness of Defendant.

A. Interrogatories

At issue are Defendant's responses to Interrogatories 6, 7, and 10 through 14.

1. Interrogatory No. 6

Interrogatory No. 6 is straightforward. It asks the question: "If you contend that Plaintiff was terminated, please state all facts which support your reason for terminating Plaintiff." This straightforward

---

[1] The Court will refer to page numbers provided by CM-ECF rather than original pagination throughout.

3

Interrogatory required a straightforward response. There certainly is no question that Defendant terminated Plaintiff's employment – it is the basis for this lawsuit. Nonetheless, in its initial response, Defendant contended that the terms "terminated" and "terminating" are vague and ambiguous and completed its response with boilerplate objections. It provided no substantive answer whatsoever. (ECF No. 20-1 at 14). The boilerplate objections are insufficient to comply with the specificity requirements of Rule 33(b)(4). Had that situation remained, the Court strongly would consider sanctions under Rule 26(g).

Defendant supplement its response twice, ultimately providing the report detailing the reasons for Plaintiff's termination and reports regarding previous warnings for allegedly similar conduct. Plaintiff asserts that this is insufficient because Defendant did not expressly state that the reports provide "all" of the reasons for the termination. The Court finds Defendant's supplemental responses sufficient although the continued inclusion of the challenge to the word "terminated" and "terminating" and the continued inclusion of frivolous boilerplate is improper. No further response, however, is required.

2. <u>Interrogatory No. 7</u>

In the same vein, Interrogatory No. 7 requests Defendant to identify all persons who witnessed the events leading up to Plaintiff's termination. This is straightforward but again Defendant refused, initially, to provide a meaningful response. Defendant persisted in its frivolous objection to the meaning of the word "terminate" and repeated general, boilerplate objections. Defendant also objected that the Interrogatory was compound as it called for the response to

4

include contact information for the witnesses. That objection is OVERRULED. This interrogatory is analogous to an example provided in the Commentary to 1993 Amendment to subdivision (a) of Rule 33, which provides "a question asking about communications of a particular type should be treated as single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." Substitute "witnesses to the events leading to termination" for "communications" and the guidance provided by the Commentary provides the correct ruling.

Ultimately, despite repeating its improper objections, Defendant provided the names of witnesses to the events leading to termination. Defendant did not provide titles and contact information for these persons. In that regard, Defendant's response is deficient. A further response is required.

3. Interrogatories Nos. 10-14

These Interrogatories are related. Plaintiff alleges that her termination was retaliatory due to her union steward activities. The disputed Interrogatories ask Defendant to identify complaints made by Plaintiff regarding route changes (No. 10), the identity of persons who investigated the complaints (No. 11), whether any investigation occurred and identifying any resulting documents (No. 12), identifying any action was taken at the conclusion of any investigation and whether the employee was notified of the action (No. 13) and, somewhat redundantly, whether any action was taken following any investigation (No. 14).

All of Defendant's objections regarding the allegedly compound

nature of these Interrogatories are OVERRULED. In response to Interrogatory No. 10, Defendant identified email communications and also stated that there were other discussions for which Defendant provided no details and no substantive answer. If the emails are all of the complaints made by Plaintiff regarding routing during the requested time period, the answer is sufficient. If there is more, Defendant must provide a more robust response or state unequivocally that the emails are all there is and there were no other relevant complaints made by Plaintiff.

Defendant's response to Interrogatory No. 11 is inadequate. The objections are OVERRULED. Defendant must respond in detail to the question asked reserving only information subject to legal privilege. If Defendant withholds information due to privilege, Defendant must comply with Rule 26(b)(5).

Regarding Interrogatory No. 12, Defendant ultimately identified certain emails as responsive but provided no further substantive response. If the emails constitute the complete response to the question asked, the answer is sufficient. If there is more, Defendant must provide a more robust response or state unequivocally that the emails are a complete response.

Interrogatory Nos. 13 and 14 pose nearly identical questions and nearly identical responses. The Court's ruling on these Interrogatories is the same as Interrogatory No. 12.

B. <u>Requests for Admission ("RFA')</u>

RFA No. 12 required Defendant to admit or deny that it does not always terminate employees who commit a terminable infraction, defined as the list of offenses provided in the Employee Handbook.

Similarly, RFA No. 15 required Defendant to admit or deny that it has not terminated every operator who failed to immediately report a "near miss" to dispatch within the past 5 years.

Defendant's responses are not compliant with Rule 36. Defendant interposes objections, including boilerplate such as "the request is not reasonably calculated to lead to the discovery of admissible evidence." First, that language was removed from Rule 26 over two years ago. It is a patently invalid objection. Next, RFA's are not truly discovery devices, they are designed to streamline the issues for trial. Defendant was obliged to admit the matter, or "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Rule 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of the matter, the answer must specify the part admitted and qualify or deny the rest." *Id*. Defendant's response is neither an admission nor a denial.

If an answer does not comply with this rule, the court "may order either that the matter is admitted or that an amended answer be served." Rule 36(a)(6). Here, the Court will require an amended answer be served that comports with the requirements of Rule 36.

## **CONCLUSION**

As presented in this Joint Motion, Plaintiff's motion to compel further answers to Interrogatories and Requests for Admissions is **GRANTED IN PART.** Defendant must provide appropriate further responses to Interrogatories 7 and 10 through 14 as provided herein. Defendant must amend its responses to Requests for Admission 12 and 15 to comply with the requirements of Rule 36. The further responses must be served upon

7

Plaintiff no later than 14 days from the date of this Order absent a contrary agreement of the parties or further order of the Court.

Dated: May 24, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge