UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA DEL VILLAR,<br><br>Plaintiff,<br><br>v.<br><br>TRANSDEV SERVICES INC.,<br><br>Defendant. | Case No.: 18-cv-1721-W-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE PRESENTING PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER TO ALLOW FOR CERTAIN DEPOSITIONS**<br><br>**[ECF NO. 29]** |

Before the Court is the joint motion of the parties for determination of a discovery dispute filed on August 30, 2019. (ECF No. 29). The joint motion presents Plaintiff's motion to amend the scheduling order so that Plaintiff may conduct two depositions – the deposition of Mr. Mukai and of a designee under Rule 30(b)(6), Fed. R. Civ. P., for depositions. On May 8, 2019, the parties filed a Joint Motion presenting Plaintiff's motion to compel the deposition of Mr. Mukai and a corporate deponent. (ECF No. 19). Discovery closed on March 29, 2019, so the Court construed the motion as seeking an amendment of the scheduling order. On May 21, 2019, the Court denied the

motion as failing to present good cause for the amendment. (ECF No. 21). In essence, then, this motion is for reconsideration of the Court's earlier Order. Regardless of whether this motion is an initial motion to amend the scheduling order or for reconsideration of the Court's Order dated May 21, 2019, the motion is **DENIED.**

## LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## DISCUSSION

The Scheduling Order in this case was filed on October 1, 2018. (ECF No. 14). It allowed for five months of discovery in this non-complex wrongful termination and retaliation case. (*Id.*). Discovery closed on March 29, 2019. (*Id.* ¶3). The only change in the posture of the case since the Court's initial denial of the relief requested by Plaintiff is that Defendant's summary judgment motion now is fully briefed - only the Defendant's motion had been filed at the time the Court issued its original order on May 21, 2019 - and the parties have moved jointly to continue the pretrial deadlines in this case until the summary judgment motion is resolved. (ECF No. 30). The pendency of Defendant's motion for summary judgment and the joint motion to continue the pretrial deadlines to await the resolution of the motion, provide no basis to amend the scheduling order and reopen discovery to allow Plaintiff to take these depositions.

//
//
//

# CONCLUSION

Plaintiff's motion to amend the scheduling order and allow for Plaintiff to depose Mr. Mukai and a corporate designee, as presented in this Joint Motion, is **DENIED**.

Dated: September 6, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge